SEYFARTH SHAW LLP
Gerald L. Maatman, Jr. (*pro hac vice application forthcoming*)
gmaatman@seyfarth.com
Christina Janice (*pro hac vice application forthcoming*)
cjanice@seyfarth.com
131 South Dearborn Street, Suite 2400
Chicago, Illinois  60603
Telephone: (312) 460-5882
Facsimile: (312) 460-7882

SEYFARTH SHAW LLP
Laura J. Maechtlen (SBN 224923)
lmaechtlen@seyfarth.com
Ari Hersher (State Bar No. 260321)
ahersher@seyfarth.com
Nicholas R. Clements (SBN 267314)
nclements@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California  94105
Telephone:  (415) 397-2823
Facsimile:  (415) 397-8549

Attorneys for Defendant
THE TALBOTS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO LOPEZ; HEATHER VOTAW; individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE TALBOTS, INC., an unknown business entity; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.<br><br>**DECLARATION OF ARI HERSHER IN SUPPORT OF DEFENDANT THE TALBOTS, INC.'S NOTICE OF REMOVAL**<br><br>[Alameda County Superior Court Case No. RG15785672]<br><br>[*FILED CONCURRENTLY WITH THE NOTICE OF REMOVAL; DECLARATION OF HEATHER MALKY; CIVIL CASE COVER SHEET; CERTIFICATION OF INTERESTED PARTIES; AND DISCLOSURE STATEMENT*]<br><br>Complaint Filed:    September 16, 2015<br>Complaint Served:   October 6, 2015 |

I, Ari Hersher, declare and state as follows:

1.   I am an attorney with the law firm of Seyfarth Shaw LLP, counsel for Defendant The Talbots, Inc. ("Talbots") in the above-entitled matter.  I am admitted to practice law in the State of California and before this Court.  I am one of the attorneys representing Talbots in this action.

2.   I make this declaration based on my personal knowledge, except as to those matters stated on information and belief, and, as to those matters, I believe them to be true.  If called as a witness to do so, I could and would testify competently thereto.

3.   On September 14, 2015, Plaintiff Ricardo Lopez filed a Class Action Complaint for Damages, Injunctive Relief and Restitution in the Superior Court of California, County of Alameda, entitled *Ricardo Lopez; individually, and on behalf of other members of the public similarly situated, Plaintiffs, vs. The Talbots, Inc., an unknown business entity; and Does 1 through 100, inclusive, Defendants*, Case Number RG15785672 ("Initial Complaint").  A true and correct copy of the Plaintiff's Initial Complaint is attached hereto as **Exhibit 1**.

4.   Plaintiff Lopez's Initial Complaint was never served on Defendant.

5.   On September 16, 2015, Plaintiffs filed a First Amended Class Action Complaint for Damages against Defendant The Talbots, Inc. ("Defendant" or "Talbots") in the Superior Court of the State of California for the County of Alameda, entitled *Ricardo Lopez; Heather Votaw; individually, and on behalf of other members of the public similarly situated, Plaintiffs, vs. The Talbots, Inc., an unknown business entity; and Does 1 through 100, inclusive, Defendants*, Case Number RG15785672 (the "State Court Action").  The State Court Action alleges ten causes of action against Defendant. Specifically, Plaintiffs allege violations of California Labor Code sections 510 and 1198 (unpaid overtime), as well as California Labor Code sections 226.7 and 512(a) (meal and rest period violations), 1194, 1197 and 1197.1 (unpaid minimum wage), 201 and 202 (unpaid final wages), 204 (unpaid wages during employment), 226 (itemized wage statements), 1174(d) (failure to keep accurate records), and 2802 (unreimbursed business expenses) (*See* Complaint *passim*).  Plaintiffs also allege violations of Business and Professions Code sections 17200, *et. seq.* (unfair competition).  A true and correct copy of the Summons and Complaint are attached to hereto as **Exhibit 2**.

6.      Service of the Summons and Complaint on Defendants was effected by process server on October 6, 2015.  A true and correct copy of the service confirmation is attached hereto as **Exhibit 3**. Defendant has reviewed the Alameda Superior Court's online docket for this matter and no other proof of service is listed.

7.      On October 26, 2015, Judge George C. Hernandez of the Superior Court of California, County of Alameda, issued an Order, designating Plaintiffs' Complaint as complex.  A true and correct copy of the Court's Order, Civil Minutes, and Proof of Service are attached hereto as **Exhibit 4**.

8.      As of the date of this Declaration, there is a Case Management Conference scheduled for December 1, 2015, in Alameda Superior Court.

9.      The documents attached hereto as Exhibits 1, 2 and 4 constitute all of the pleadings and process on file with the Alameda Superior Court prior to the filing of this Notice of Removal.

I declare under penalty of perjury under the laws of the State of California and of the United States of America that the foregoing is true and correct.

Executed this ___5th___ day of November 2015 at San Francisco, California.

_____
                                   Ari Hersher

22282174v.1

---

3

# EXHIBIT 1

# EXHIBIT 1

**Summons on Complaint Issued and Filed**



*14057379*

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

THE TALBOTS, INC., an unknown business entity; and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

RICARDO LOPEZ; individually, and on behalf of other members of the general public similarly situated,

<table>
<tr><td>FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)<br><br>FILED<br>ALAMEDA COUNTY<br><br>SEP 1 4 2015<br><br>CLERK OF THE SUPERIOR COURT<br>By Maria Carrera Deputy</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of State of California<br>County of Alameda, Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, California 94612 | CASE NUMBER:<br>*(Número del Caso):* RG15785672 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Edwin Aiwazian, 410 Arden Ave., Ste. 203, Glendale, CA 91203; Telephone No. (818) 265-1020

| DATE: SEP 1 4 2015<br>*(Fecha)* | Leah T. Wilson | Clerk, by *Maria Carrera*<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ALAMEDA

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | SUMMONS | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

FAX FILING

# Complaint - Other Employment Filed



1   Edwin Aiwazian (SBN 232943)
    **LAWYERS** *for* **JUSTICE, PC**
2   410 West Arden Avenue, Suite 203
    Glendale, California 91203
3   Tel: (818) 265-1020 / Fax: (818) 265-1021

4   *Attorneys for* Plaintiff



**FILED**
ALAMEDA COUNTY

SEP 1 4 2015

CLERK OF THE SUPERIOR COURT
_____ Deputy

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9                  **FOR THE COUNTY OF ALAMEDA**

10  RICARDO LOPEZ; individually, and on behalf    Case No.: RG 15 785 672
    of other members of the general public similarly
11  situated,                                      **CLASS ACTION COMPLAINT FOR**
                                                   **DAMAGES**
12              Plaintiff,
                                                   (1)  Violation of California Labor Code
13      vs.                                             §§ 510 and 1198 (Unpaid
                                                        Overtime);
14  THE TALBOTS, INC., an unknown business         (2)  Violation of California Labor Code
    entity; and DOES 1 through 100, inclusive,          §§ 226.7 and 512(a) (Unpaid Meal
15                                                       Period Premiums);
                Defendants.                         (3)  Violation of California Labor Code
16                                                       § 226.7 (Unpaid Rest Period
                                                        Premiums);
17                                                 (4)  Violation of California Labor Code
                                                        §§ 1194, 1197, and 1197.1 (Unpaid
18                                                       Minimum Wages);
                                                   (5)  Violation of California Labor Code
19                                                       §§ 201 and 202 (Final Wages Not
                                                        Timely Paid);
20                                                 (6)  Violation of California Labor Code
                                                        § 204 (Wages Not Timely Paid
21                                                       During Employment);
                                                   (7)  Violation of California Labor Code
22                                                       § 226(a) (Non-Compliant Wage
                                                        Statements);
23                                                 (8)  Violation of California Labor Code
                                                        § 1174(d) (Failure To Keep
24                                                       Requisite Payroll Records);
                                                   (9)  Violation of California Labor Code
25                                                       §§ 2800 and 2802 (Unreimbursed
                                                        Business Expenses);
26                                                 (10) Violation of California Business &
                                                        Professions Code §§ 17200, et seq.
27
                                                   **DEMAND FOR JURY TRIAL**
28

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

**FAX FILING**

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff RICARDO LOPEZ ("Plaintiff"), individually, and on behalf of other members of the general public similarly situated, and alleges as follows:

## JURISDICTION AND VENUE

1. This class action is brought pursuant to the California Code of Civil Procedure section 382. The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial. The "amount in controversy" for each named Plaintiff, including claims for compensatory damages, restitution, penalties, wages, premium pay, and pro rata share of attorneys' fees, is less than seventy-five thousand dollars ($75,000).

2. This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all other causes" except those given by statute to other courts. The statutes under which this action is brought do not specify any other basis for jurisdiction.

3. This Court has jurisdiction over Defendant because, upon information and belief, Defendant is a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

4. Venue is proper in this Court because, upon information and belief, Defendant maintains offices, has agents, and/or transacts business in the State of California, County of Alameda. The majority of acts and omissions alleged herein relating to Plaintiff and the other class members took place in the State of California, including the County of Alameda.

## PARTIES

5. Plaintiff RICARDO LOPEZ is an individual residing in the State of California, County of Alameda.

///

///

///

2

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

6.     Defendant THE TALBOTS, INC., at all times herein mentioned, was and is, upon information and belief, an unknown business entity, and at all times herein mentioned, an employer whose employees are engaged throughout the State of California, including the County of Alameda.

7.     At all relevant times, Defendant THE TALBOTS, INC. was the "employer" of Plaintiff within the meaning of all applicable California state laws and statutes.

8.     At all times herein relevant, Defendant THE TALBOTS, INC. and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, joint employers, representatives, servants, employees, successors, co-conspirators and assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each defendant designated herein.

9.     The true names and capacities, whether corporate, associate, individual or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who sues said defendants by such fictitious names.  Plaintiff is informed and believes, and based on that information and belief alleges, that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiff and the other class members as alleged in this Complaint. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

10.     Defendant THE TALBOTS, INC. and DOES 1 through 100 will hereinafter collectively be referred to as "Defendants."

11.     Plaintiff further alleges that Defendants directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiff and the other class members so as to make each of said defendants employers and employers liable under the statutory provisions set forth herein.

3

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## CLASS ACTION ALLEGATIONS

12.   Plaintiff brings this action on his own behalf and on behalf of all other members of the general public similarly situated, and, thus, seeks class certification under Code of Civil Procedure section 382.

13.   The proposed class is defined as follows:

> All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment.

14.   Plaintiff reserves the right to establish subclasses as appropriate.

15.   The class is ascertainable and there is a well-defined community of interest in the litigation:

a.   <u>Numerosity</u>: The class members are so numerous that joinder of all class members is impracticable.  The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be greater than fifty (50) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

b.   <u>Typicality</u>: Plaintiff's claims are typical of all other class members' as demonstrated herein.  Plaintiff will fairly and adequately protect the interests of the other class members with whom he has a well-defined community of interest.

c.   <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of each class member, with whom he has a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff has no interest that is antagonistic to the other class members.  Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.  Plaintiff has incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees, that have been, are, and will be necessarily

4

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  expended for the prosecution of this action for the substantial benefit of

2  each class member.

3      d.   <u>Superiority</u>: A class action is superior to other available methods for the

4          fair and efficient adjudication of this litigation because individual joinder

5          of all class members is impractical.

6      e.   <u>Public Policy Considerations</u>: Certification of this lawsuit as a class

7          action will advance public policy objectives.  Employers of this great

8          state violate employment and labor laws every day.  Current employees

9          are often afraid to assert their rights out of fear of direct or indirect

10         retaliation.  However, class actions provide the class members who are

11         not named in the complaint anonymity that allows for the vindication of

12         their rights.

13 16.     There are common questions of law and fact as to the class members that

14 predominate over questions affecting only individual members.  The following common

15 questions of law or fact, among others, exist as to the members of the class:

16     a.   Whether Defendants' failure to pay wages, without abatement or

17         reduction, in accordance with the California Labor Code, was willful;

18     b.   Whether Defendants' had a corporate policy and practice of failing to

19         pay their hourly-paid or non-exempt employees within the State of

20         California for all hours worked, missed meal periods and rest breaks in

21         violation of California law;

22     c.   Whether Defendants required Plaintiff and the other class members to

23         work over eight (8) hours per day and/or over forty (40) hours per week

24         and failed to pay the legally required overtime compensation to Plaintiff

25         and the other class members;

26     d.   Whether Defendants deprived Plaintiff and the other class members of

27         meal and/or rest periods or required Plaintiff and the other class

28         members to work during meal and/or rest periods without compensation;

e.      Whether Defendants failed to pay minimum wages to Plaintiff and the
        other class members for all hours worked;

f.      Whether Defendants failed to pay all wages due to Plaintiff and the other
        class members within the required time upon their discharge or
        resignation;

g.      Whether Defendants failed to timely pay all wages due to Plaintiff and
        the other class members during their employment;

h.      Whether Defendants complied with wage reporting as required by the
        California Labor Code; including, *inter alia*, section 226;

i.      Whether Defendants kept complete and accurate payroll records as
        required by the California Labor Code, including, *inter alia*, section
        1174(d);

j.      Whether Defendants failed to reimburse Plaintiff and the other class
        members for necessary business-related expenses and costs;

k.      Whether Defendants' conduct was willful or reckless;

l.      Whether Defendants engaged in unfair business practices in violation of
        California Business & Professions Code section 17200, et seq.;

m.      The appropriate amount of damages, restitution, and/or monetary
        penalties resulting from Defendants' violation of California law; and

n.      Whether Plaintiff and the other class members are entitled to
        compensatory damages pursuant to the California Labor Code.

## GENERAL ALLEGATIONS

17.     At all relevant times set forth herein, Defendants employed Plaintiff and other
persons as hourly-paid or non-exempt employees within the State of California, including the
County of Alameda.

18.     Defendants, jointly and severally, employed Plaintiff as an hourly-paid, non-
exempt employee, from approximately April 2013 to approximately November 2013, in the
State of California, County of Alameda.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

6

19.     Defendants hired Plaintiff and the other class members and classified them as hourly-paid or non-exempt, and failed to compensate them for all hours worked, missed meal periods and/or rest breaks.

20.     Defendants had the authority to hire and terminate Plaintiff and the other class members, to set work rules and conditions governing Plaintiff's and the other class members' employment, and to supervise their daily employment activities.

21.     Defendants exercised sufficient authority over the terms and conditions of Plaintiff's and the other class members' employment for them to be joint employers of Plaintiff and the other class members.

22.     Defendants directly hired and paid wages and benefits to Plaintiff and the other class members.

23.     Defendants continue to employ hourly-paid or non-exempt employees within the State of California.

24.     Plaintiff and the other class members worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants.

25.     Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a uniform policy and systematic scheme of wage abuse against their hourly-paid or non-exempt employees within the State of California.  This scheme involved, *inter alia*, failing to pay them for all hours worked, missed meal periods and rest breaks in violation of California law.

26.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive certain wages for overtime compensation and that they were not receiving wages for overtime compensation.

27.     Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff and the other class members the required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

7

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

28.   Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed, and they did not receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed.

29.   Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a rest period was missed, and they did not receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a rest period was missed.

30.   Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for all hours worked.

31.   Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them upon discharge or resignation, including overtime, minimum wages, meal and rest period premiums, and they did not, in fact, receive all such wages owed to them at the time of their discharge or resignation.

32.   Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them during their employment.  Plaintiff and the other class members did not receive payment of all wages, including overtime and minimum wages and meal and rest period premiums, within any time permissible under California Labor Code section 204.

///

///

8

33.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive complete and accurate wage statements in accordance with California law, but, in fact, they did not receive complete and accurate wage statements from Defendants. The deficiencies included, *inter alia*, the failure to include the total number of hours worked by Plaintiff and the other class members.

34.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Defendants had to keep complete and accurate payroll records for Plaintiff and the other class members in accordance with California law, but, in fact, did not keep complete and accurate payroll records.

35.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to reimbursement for necessary business-related expenses.

36.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that they had a duty to compensate Plaintiff and the other class members pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and the other class members that they were properly denied wages, all in order to increase Defendants' profits.

37.     At all material times set forth herein, Defendants failed to pay overtime wages to Plaintiff and the other class members for all hours worked. Plaintiff and the other class members were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation.

38.     At all material times set forth herein, Defendants failed to provide the requisite uninterrupted meal and rest periods to Plaintiff and the other class members.

39.     At all material times set forth herein, Defendants failed to pay Plaintiff and the other class members at least minimum wages for all hours worked.

///

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**LAWYERS for JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

40.     At all material times set forth herein, Defendants failed to pay Plaintiff and the other class members all wages owed to them upon discharge or resignation.

41.     At all material times set forth herein, Defendants failed to pay Plaintiff and the other class members all wages within any time permissible under California law, including, *inter alia*, California Labor Code section 204.

42.     At all material times set forth herein, Defendants failed to provide complete or accurate wage statements to Plaintiff and the other class members.

43.     At all material times set forth herein, Defendants failed to keep complete or accurate payroll records for Plaintiff and the other class members.

44.     At all material times set forth herein, Defendants failed to reimburse Plaintiff and the other class members for necessary business-related expenses and costs.

45.     At all material times set forth herein, Defendants failed to properly compensate Plaintiff and the other class members pursuant to California law in order to increase Defendants' profits.

46.     California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

**FIRST CAUSE OF ACTION**

**(Violation of California Labor Code §§ 510 and 1198)**

**(Against THE TALBOTS, INC. and DOES 1 through 100)**

47.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 46, and each and every part thereof with the same force and effect as though fully set forth herein.

48.     California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis, including any incentive pay.

10

1   49.   Specifically, the applicable IWC Wage Order provides that Defendants are and

2   were required to pay Plaintiff and the other class members employed by Defendants, and

3   working more than eight (8) hours in a day or more than forty (4) hours in a workweek, at the

4   rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more

5   than forty (40) hours in a workweek.

6   50.   The applicable IWC Wage Order further provides that Defendants are and were

7   required to pay Plaintiff and the other class members overtime compensation at a rate of two

8   times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

9   51.   California Labor Code section 510 codifies the right to overtime compensation

10  at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours

11  in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day

12  of work, and to overtime compensation at twice the regular hourly rate for hours worked in

13  excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day

14  of work.

15  52.   During the relevant time period, Plaintiff and the other class members worked in

16  excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week.

17  53.   During the relevant time period, Defendants intentionally and willfully failed to

18  pay overtime wages owed to Plaintiff and the other class members, including failing to

19  properly calculating the overtime rate.

20  54.   Defendants' failure to pay Plaintiff and the other class members the unpaid

21  balance of overtime compensation, as required by California laws, violates the provisions of

22  California Labor Code sections 510 and 1198, and is therefore unlawful.

23  55.   Pursuant to California Labor Code section 1194, Plaintiff and the other class

24  members are entitled to recover unpaid overtime compensation, as well as interest, costs, and

25  attorneys' fees.

26  ///

27  ///

28  ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

11

## SECOND CAUSE OF ACTION

### (Violation of California Labor Code §§ 226.7 and 512(a))

### (Against THE TALBOTS, INC. and DOES 1 through 100)

56.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 55, and each and every part thereof with the same force and effect as though fully set forth herein.

57.    At all relevant times, the IWC Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff's and the other class members' employment by Defendants.

58.    At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

59.    At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

60.    At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause or permit an employee to work for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

///

///

///

12

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

61. During the relevant time period, Plaintiff and the other class members who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

62. During the relevant time period, Plaintiff and the other class members who were scheduled to work for a period of time in excess of six (6) hours were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

63. During the relevant time period, Defendants intentionally and willfully required Plaintiff and the other class members to work during meal periods and failed to compensate Plaintiff and the other class members the full meal period premium for work performed during meal periods.

64. During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full meal period premium due pursuant to California Labor Code section 226.7.

65. Defendants' conduct violates applicable IWC Wage Order and California Labor Code sections 226.7 and 512(a).

66. Pursuant to applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

///
///
///
///
///
///

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

13

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

### THIRD CAUSE OF ACTION

#### (Violation of California Labor Code § 226.7)

#### (Against THE TALBOTS, INC. and DOES 1 through 100)

67.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 66, and each and every part thereof with the same force and effect as though fully set forth herein.

68.    At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiff's and the other class members' employment by Defendants.

69.    At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

70.    At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

71.    During the relevant time period, Defendants required Plaintiff and other class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

72.    During the relevant time period, Defendants willfully required Plaintiff and the other class members to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods.

73.    During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full rest period premium due pursuant to California Labor Code section 226.7.

///

14

74.     Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

75.     Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(b), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided.

### FOURTH CAUSE OF ACTION

**(Violation of California Labor Code §§ 1194, 1197, and 1197.1)**

**(Against THE TALBOTS, INC. and DOES 1 through 100)**

76.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 75, and each and every part thereof with the same force and effect as though fully set forth herein.

77.     At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provide that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

78.     During the relevant time period, Defendants failed to pay minimum wage to Plaintiff and the other class members as required, pursuant to California Labor Code sections 1194, 1197, and 1197.1.

79.     Defendants' failure to pay Plaintiff and the other class members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1. Pursuant to those sections Plaintiff and the other class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

80.     Pursuant to California Labor Code section 1197.1, Plaintiff and the other class members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages.

///

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

81.     Pursuant to California Labor Code section 1194.2, Plaintiff and the other class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

### FIFTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 201 and 202)

### (Against THE TALBOTS, INC. and DOES 1 through 100)

82.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 81, and each and every part thereof with the same force and effect as though fully set forth herein.

83.     At all relevant times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

84.     During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ.

85.     Defendants' failure to pay Plaintiff and the other class members who are no longer employed by Defendants' their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

86.     California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

///

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

16

87.     Plaintiff and the other class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

## SIXTH CAUSE OF ACTION

### (Violation of California Labor Code § 204)

### (Against THE TALBOTS, INC. and DOES 1 through 100)

88.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 87, and each and every part thereof with the same force and effect as though fully set forth herein.

89.     At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 1st and 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed.

90.     At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.

91.     At all times herein set forth, California Labor Code section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

92.     During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members all wages due to them, within any time period permissible under California Labor Code section 204.

93.     Plaintiff and the other class members are entitled to recover all remedies available for violations of California Labor Code section 204.

///

///

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## SEVENTH CAUSE OF ACTION

### (Violation of California Labor Code § 226(a))

### (Against THE TALBOTS, INC. and DOES 1 through 100)

94.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 93, and each and every part thereof with the same force and effect as though fully set forth herein.

95.   At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

96.   Defendants have intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements. The deficiencies include, but are not limited to: the failure to include the total number of hours worked by Plaintiff and the other class members.

97.   As a result of Defendants' violation of California Labor Code section 226(a), Plaintiff and the other class members have suffered injury and damage to their statutorily-protected rights.

///

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

98.     More specifically, Plaintiff and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate and itemized wage statements pursuant to California Labor Code section 226(a).

99.     Plaintiff and the other class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

100.     Plaintiff and the other class members are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(g).

## EIGHTH CAUSE OF ACTION

### (Violation of California Labor Code § 1174(d))

### (Against THE TALBOTS, INC. and DOES 1 through 100)

101.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 100, and each and every part thereof with the same force and effect as though fully set forth herein.

102.     Pursuant to California Labor Code section 1174(d), an employer shall keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments.  These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

103.     Defendants have intentionally and willfully failed to keep accurate and complete payroll records showing the hours worked daily and the wages paid, to Plaintiff and the other class members.

///

///

19

104.   As a result of Defendants' violation of California Labor Code section 1174(d), Plaintiff and the other class members have suffered injury and damage to their statutorily-protected rights.

105.   More specifically, Plaintiff and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 1174(d) because they were denied both their legal right and protected interest, in having available, accurate and complete payroll records pursuant to California Labor Code section 1174(d).

### NINTH CAUSE OF ACTION

### Violation of California Labor Code §§ 2800 and 2802)

### (Against THE TALBOTS, INC. and DOES 1 through 100)

106.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 105, and each and every part thereof with the same force and effect as though fully set forth herein.

107.   Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her job duties or in direct consequence of his or her job duties or in direct consequence of his or her obedience to the directions of the employer.

108.   Plaintiff and the other class members incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants.

109.   Defendants have intentionally and willfully failed to reimburse Plaintiff and the other class members for all necessary business-related expenses and costs. Plaintiff and the other class members are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

///

///

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## TENTH CAUSE OF ACTION

### (Violation of California Business & Professions Code §§ 17200, et seq.)

### (Against THE TALBOTS, INC. and DOES 1 through 100)

110.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 109, and each and every part thereof with the same force and effect as though fully set forth herein.

111.     Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiff, other class members, to the general public, and Defendants' competitors.  Accordingly, Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

112.     Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq.

113.     A violation of California Business & Professions Code section 17200, et seq. may be predicated on the violation of any state or federal law.  In this instant case, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work overtime without paying them proper compensation violate California Labor Code sections 510 and 1198.  Additionally, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a). Defendants' policies and practices of failing to pay minimum wages violate California Labor Code sections 1194, 1197, and 1197.1.  Moreover, Defendants' policies and practices of failing to timely pay wages to Plaintiff and the other class members violate California Labor Code sections 201, 202 and 204.  Defendants also violated California Labor Code sections 226(a), 1174(d), 2800 and 2802.

114.     As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

///

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

21

115.     Plaintiff and the other class members have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

116.     Pursuant to California Business & Professions Code sections 17200, et seq., Plaintiff and the other class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences from four years preceding the filing of this complaint; an award of attorneys' fees pursuant to California Code of Civil procedure section 1021.5 and other applicable laws; and an award of costs.

## DEMAND FOR JURY TRIAL

Plaintiff, individually, and on behalf of other members of the general public similarly situated, requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other members of the general public similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1.     That this action be certified as a class action;

2.     That Plaintiff be appointed as the representative of the Class;

3.     That counsel for Plaintiff be appointed as Class Counsel; and

4.     That Defendants provide to Class Counsel immediately the names and most current contact information (address, e-mail and telephone numbers) of all class members.

### As to the First Cause of Action

5.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiff and the other class members;

6.     For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

///

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1      7.     For pre-judgment interest on any unpaid overtime compensation commencing

2  from the date such amounts were due;

3      8.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to

4  California Labor Code section 1194; and

5      9.     For such other and further relief as the court may deem just and proper.

6                     **As to the Second Cause of Action**

7      10.    That the Court declare, adjudge and decree that Defendants violated California

8  Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to

9  provide all meal periods (including second meal periods) to Plaintiff and the other class

10  members;

11      11.    That the Court make an award to Plaintiff and the other class members of one

12  (1) hour of pay at each employee's regular rate of compensation for each workday that a meal

13  period was not provided;

14      12.    For all actual, consequential, and incidental losses and damages, according to

15  proof;

16      13.    For premium wages pursuant to California Labor Code section 226.7(b);

17      14.    For pre-judgment interest on any unpaid wages from the date such amounts

18  were due;

19      15.    For reasonable attorneys' fees and costs of suit incurred herein; and

20      16.    For such other and further relief as the court may deem just and proper.

21                     **As to the Third Cause of Action**

22      17.    That the Court declare, adjudge and decree that Defendants violated California

23  Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all

24  rest periods to Plaintiff and the other class members;

25      18.    That the Court make an award to Plaintiff and the other class members of one

26  (1) hour of pay at each employee's regular rate of compensation for each workday that a rest

27  period was not provided;

28  ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

19.    For all actual, consequential, and incidental losses and damages, according to proof;

20.    For premium wages pursuant to California Labor Code section 226.7(b);

21.    For pre-judgment interest on any unpaid wages from the date such amounts were due; and

22.    For such other and further relief as the court may deem just and proper.

### As to the Fourth Cause of Action

23.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to Plaintiff and the other class members;

24.    For general unpaid wages and such general and special damages as may be appropriate;

25.    For statutory wage penalties pursuant to California Labor Code section 1197.1 for Plaintiff and the other class members in the amount as may be established according to proof at trial;

26.    For pre-judgment interest on any unpaid compensation from the date such amounts were due;

27.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

28.    For liquidated damages pursuant to California Labor Code section 1194.2; and

29.    For such other and further relief as the court may deem just and proper.

### As to the Fifth Cause of Action

30.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiff and the other class members no longer employed by Defendants;

31.    For all actual, consequential, and incidental losses and damages, according to proof;

24

1   32.   For statutory wage penalties pursuant to California Labor Code section 203 for

2   Plaintiff and the other class members who have left Defendants' employ;

3   33.   For pre-judgment interest on any unpaid compensation from the date such

4   amounts were due; and

5   34.   For such other and further relief as the court may deem just and proper.

6   **As to the Sixth Cause of Action**

7   35.   That the Court declare, adjudge and decree that Defendants violated California

8   Labor Code section 204 by willfully failing to pay all compensation owed at the time required

9   by California Labor Code section 204 to Plaintiff and the other class members;

10   36.   For all actual, consequential, and incidental losses and damages, according to

11   proof;

12   37.   For pre-judgment interest on any unpaid compensation from the date such

13   amounts were due; and

14   38.   For such other and further relief as the court may deem just and proper.

15   **As to the Seventh Cause of Action**

16   39.   That the Court declare, adjudge and decree that Defendants violated the record

17   keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders

18   as to Plaintiff and the other class members, and willfully failed to provide accurate itemized

19   wage statements thereto;

20   40.   For actual, consequential and incidental losses and damages, according to proof;

21   41.   For statutory penalties pursuant to California Labor Code section 226(e);

22   42.   For injunctive relief to ensure compliance with this section, pursuant to

23   California Labor Code section 226(g); and

24   43.   For such other and further relief as the court may deem just and proper.

25   ///

26   ///

27   ///

28   ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

### As to the Eighth Cause of Action

44.     That the Court declare, adjudge and decree that Defendants violated California Labor Code section 1174(d) by willfully failing to keep accurate and complete payroll records for Plaintiff and the other class members as required by California Labor Code section 1174(d);

45.     For actual, consequential and incidental losses and damages, according to proof;

46.     For statutory penalties pursuant to California Labor Code section 1174.5; and

47.     For such other and further relief as the court may deem just and proper.

### As to the Ninth Cause of Action

48.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiff and the other class members for all necessary business-related expenses as required by California Labor Code sections 2800 and 2802;

49.     For actual, consequential and incidental losses and damages, according to proof;

50.     For the imposition of civil penalties and/or statutory penalties;

51.     For reasonable attorneys' fees and costs of suit incurred herein;

52.     For such other and further relief as the Court may deem just and proper.

### As to the Tenth Cause of Action

53.     That the Court decree, adjudge and decree that Defendants violated California Business and Professions Code sections 17200, et seq. by failing to provide Plaintiff and the other class members all overtime compensation due to them, failing to provide all meal and rest periods to Plaintiff and the other class members, failing to pay at least minimum wages to Plaintiff and the other class members, failing to pay Plaintiff's and the other class members' wages timely as required by California Labor Code section 201, 202 and 204, and by violating California Labor Code sections 226(a), 1174(d), 2800 and 2802.

54.     For restitution of unpaid wages to Plaintiff and all the other class members and all pre-judgment interest from the day such amounts were due and payable;

///

26

55.    For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violation of California Business and Professions Code sections 17200, et seq.;

56.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

57.    For injunctive relief to ensure compliance with this section, pursuant to California Business and Professions Code sections 17200, et seq.; and

58.    For such other and further relief as the court may deem just and proper.

Dated: September 11, 2015

LAWYERS *for* JUSTICE, PC

By: _____
Edwin Aiwazian
*Attorneys for* Plaintiff

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

27

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

# Civil Case Cover Sheet Filed for Ricardo Lopez

**CM-010**

*14057383*

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Edwin Aiwazian (SBN 232943)
JUSTICE LAW CORPORATION
410 Arden Avenue, Suite 203
Glendale, California 91203
TELEPHONE NO.: (818) 265-1020    FAX NO.: (818) 265-1021
ATTORNEY FOR (Name): Plaintiff Ricardo Lopez

**FILED**
**ALAMEDA COUNTY**
SEP 14 2015
CLERK OF THE SUPERIOR COURT
Maria Cabrera
Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland 94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME:
Lopez vs. The Talbots, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: RG15785672 |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action (specify): 10
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: September 11, 2015
Edwin Aiwazian
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

FAX FILING

F. ADDENDUM TO CIVIL CASE COVER SHEET

*Unified Rules of the Superior Court of California, County of Alameda*

| Short Title:<br>Lopez vs. The Talbots, Inc. | Case Number: |
| --- | --- |

## CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

| [X] Oakland, Rene C. Davidson Alameda County Courthouse (446) | [ ] Hayward Hall of Justice (447)<br>[ ] Pleasanton, Gale-Schenone Hall of Justice (448) |
| --- | --- |

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) |
| --- | --- | --- |
| Auto Tort | Auto tort (22) | [ ] 34 Auto tort (G)<br>**Is this an uninsured motorist case? [ ] yes [ ] no** |
| Other PI /PD /<br>WD Tort | Asbestos (04)<br>Product liability (24)<br>Medical malpractice (45)<br>Other PI/PD/WD tort (23) | [ ] 75 Asbestos (D)<br>[ ] 89 Product liability (not asbestos or toxic tort/environmental) (G)<br>[ ] 97 Medical malpractice (G)<br>[ ] 33 Other PI/PD/WD tort (G) |
| Non - PI /PD /<br>WD Tort | Bus tort / unfair bus. practice (07)<br>Civil rights (08)<br>Defamation (13)<br>Fraud (16)<br>Intellectual property (19)<br>Professional negligence (25)<br>Other non-PI/PD/WD tort (35) | [ ] 79 Bus tort / unfair bus. practice (G)<br>[ ] 80 Civil rights (G)<br>[ ] 84 Defamation (G)<br>[ ] 24 Fraud (G)<br>[ ] 87 Intellectual property (G)<br>[ ] 59 Professional negligence - non-medical (G)<br>[ ] 03 Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36)<br>Other employment (15) | [ ] 38 Wrongful termination (G)<br>[X] 85 Other employment (G)<br>[ ] 53 Labor comm award confirmation<br>[ ] 64 Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06)<br>Collections (09)<br>Insurance coverage (18)<br>Other contract (37) | [ ] 04 Breach contract / Wrnty (G)<br>[ ] 81 Collections (G)<br>[ ] 86 Ins. coverage - non-complex (G)<br>[ ] 98 Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14)<br>Wrongful eviction (33)<br>Other real property (26) | [ ] 18 Eminent domain / Inv Cdm (G)<br>[ ] 17 Wrongful eviction (G)<br>[ ] 36 Other real property (G) |
| Unlawful Detainer | Commercial (31)<br>Residential (32)<br>Drugs (38) | [ ] 94 Unlawful Detainer - commercial   **Is the deft. in possession**<br>[ ] 47 Unlawful Detainer - residential   **of the property?**<br>[ ] 21 Unlawful detainer - drugs   **[ ] Yes [ ] No** |
| Judicial Review | Asset forfeiture (05)<br>Petition re: arbitration award (11)<br>Writ of Mandate (02)<br>Other judicial review (39) | [ ] 41 Asset forfeiture<br>[ ] 62 Petition re: arbitration award<br>[ ] 49 Writ of mandate<br>**Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes [ ] No**<br>[ ] 64 Other judicial review |
| Provisionally<br>Complex | Antitrust / Trade regulation (03)<br>Construction defect (10)<br>Claims involving mass tort (40)<br>Securities litigation (28)<br>Toxic tort / Environmental (30)<br>Ins covrg from cmplx case type (41) | [ ] 77 Antitrust / Trade regulation<br>[ ] 82 Construction defect<br>[ ] 78 Claims involving mass tort<br>[ ] 91 Securities litigation<br>[ ] 93 Toxic tort / Environmental<br>[ ] 95 Ins covrg from complex case type |
| Enforcement of<br>Judgment | Enforcement of judgment (20) | [ ] 19 Enforcement of judgment<br>[ ] 08 Confession of judgment |
| Misc Complaint | RICO (27)<br>Partnership / Corp. governance (21)<br>Other complaint (42) | [ ] 90 RICO (G)<br>[ ] 88 Partnership / Corp. governance (G)<br>[ ] 68 All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] 06 Change of name<br>[ ] 69 Other petition |

202-19 (5/1/00)

A-13

# EXHIBIT 2

EXHIBIT 2

# First Amended Complaint Filed

1   Edwin Aiwazian (SBN 232943)
    **LAWYERS _for_ JUSTICE, PC**
2   410 West Arden Avenue, Suite 203
    Glendale, California 91203
3   Tel: (818) 265-1020 / Fax:  (818) 265-1021

4   _Attorneys for_ Plaintiffs



FILED
ALAMEDA COUNTY

SEP 1 6 2015

_____ Exec. Off/Clerk

5

6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
                    **FOR THE COUNTY OF ALAMEDA**
9

10  RICARDO LOPEZ; HEATHER VOTAW;        Case No.: RG15785672
    individually, and on behalf of other members of
11  the general public similarly situated,   **FIRST AMENDED CLASS ACTION
                                              COMPLAINT FOR DAMAGES**
12            Plaintiffs,
                                              (1)  Violation of California Labor Code
13       vs.                                       §§ 510 and 1198 (Unpaid
                                                   Overtime);
14  THE TALBOTS, INC., an unknown business   (2)  Violation of California Labor Code
    entity; and DOES 1 through 100, inclusive,     §§ 226.7 and 512(a) (Unpaid Meal
15                                                 Period Premiums);
              Defendants.                     (3)  Violation of California Labor Code
16                                                 § 226.7 (Unpaid Rest Period
                                                   Premiums);
17                                            (4)  Violation of California Labor Code
                                                   §§ 1194, 1197, and 1197.1 (Unpaid
18                                                 Minimum Wages);
                                              (5)  Violation of California Labor Code
19                                                 §§ 201 and 202 (Final Wages Not
                                                   Timely Paid);
20                                            (6)  Violation of California Labor Code
                                                   § 204 (Wages Not Timely Paid
21                                                 During Employment);
                                              (7)  Violation of California Labor Code
22                                                 § 226(a) (Non-Compliant Wage
                                                   Statements);
23                                            (8)  Violation of California Labor Code
                                                   § 1174(d) (Failure To Keep
24                                                 Requisite Payroll Records);
                                              (9)  Violation of California Labor Code
25                                                 §§ 2800 and 2802 (Unreimbursed
                                                   Business Expenses);
26                                            (10) Violation of California Business &
                                                   Professions Code §§ 17200, et seq.
27
                                              **DEMAND FOR JURY TRIAL**
28

_FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL_

**LAWYERS _for_ JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

FAX FILING

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

COMES NOW, Plaintiff RICARDO LOPEZ ("Plaintiff LOPEZ") and Plaintiff

HEATHER VOTAW ("Plaintiff VOTAW")(collectively "Plaintiffs"), individually, and on

behalf of other members of the general public similarly situated, and alleges as follows:

## JURISDICTION AND VENUE

1.       This class action is brought pursuant to the California Code of Civil Procedure

section 382. The monetary damages and restitution sought by Plaintiffs exceeds the minimal

jurisdiction limits of the Superior Court and will be established according to proof at trial. The

"amount in controversy" for each named Plaintiff, including claims for compensatory

damages, restitution, penalties, wages, premium pay, and pro rata share of attorneys' fees, is

less than seventy-five thousand dollars ($75,000).

2.       This Court has jurisdiction over this action pursuant to the California

Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all

other causes" except those given by statute to other courts. The statutes under which this

action is brought do not specify any other basis for jurisdiction.

3.       This Court has jurisdiction over Defendant because, upon information and

belief, Defendant is a citizen of California, has sufficient minimum contacts in California, or

otherwise intentionally avails itself of the California market so as to render the exercise of

jurisdiction over it by the California courts consistent with traditional notions of fair play and

substantial justice.

4.       Venue is proper in this Court because, upon information and belief, Defendant

maintains offices, has agents, and/or transacts business in the State of California, County of

Alameda. The majority of acts and omissions alleged herein relating to Plaintiffs and the other

class members took place in the State of California, including the County of Alameda.

## PARTIES

5.       Plaintiff RICARDO LOPEZ is an individual residing in the State of California,

County of Alameda.

6.       Plaintiff HEATHER VOTAW is an individual.

///

2

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

7.     Defendant THE TALBOTS, INC., at all times herein mentioned, was and is, upon information and belief, an unknown business entity, and at all times herein mentioned, an employer whose employees are engaged throughout the State of California, including the County of Alameda.

8.     At all relevant times, Defendant THE TALBOTS, INC. was the "employer" of Plaintiffs within the meaning of all applicable California state laws and statutes.

9.     At all times herein relevant, Defendant THE TALBOTS, INC. and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, joint employers, representatives, servants, employees, successors, co-conspirators and assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each defendant designated herein.

10.    The true names and capacities, whether corporate, associate, individual or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiffs who sue said defendants by such fictitious names.  Plaintiffs are informed and believe, and based on that information and belief allege, that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiffs and the other class members as alleged in this Complaint. Plaintiffs will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

11.    Defendant THE TALBOTS, INC. and DOES 1 through 100 will hereinafter collectively be referred to as "Defendants."

12.    Plaintiffs further allege that Defendants directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiffs and the other class members so as to make each of said defendants employers and employers liable under the statutory provisions set forth herein.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## CLASS ACTION ALLEGATIONS

13.   Plaintiffs brings this action on their own behalf and on behalf of all other members of the general public similarly situated, and, thus, seeks class certification under Code of Civil Procedure section 382.

14.   The proposed class is defined as follows:

> All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from September 14, 2011 to final judgment.

15.   Plaintiffs reserve the right to establish subclasses as appropriate.

16.   The class is ascertainable and there is a well-defined community of interest in the litigation:

   a.   Numerosity: The class members are so numerous that joinder of all class members is impracticable.  The membership of the entire class is unknown to Plaintiffs at this time; however, the class is estimated to be greater than fifty (50) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

   b.   Typicality: Plaintiffs' claims are typical of all other class members' as demonstrated herein.  Plaintiffs will fairly and adequately protect the interests of the other class members with whom they have a well-defined community of interest.

   c.   Adequacy: Plaintiffs will fairly and adequately protect the interests of each class member, with whom he has a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiffs have no interest that is antagonistic to the other class members.  Plaintiffs' attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.  Plaintiffs have incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees, that have been, are, and will be necessarily

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

4

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    expended for the prosecution of this action for the substantial benefit of

2    each class member.

3    d.    Superiority: A class action is superior to other available methods for the

4    fair and efficient adjudication of this litigation because individual joinder

5    of all class members is impractical.

6    e.    Public Policy Considerations: Certification of this lawsuit as a class

7    action will advance public policy objectives.  Employers of this great

8    state violate employment and labor laws every day.  Current employees

9    are often afraid to assert their rights out of fear of direct or indirect

10    retaliation.  However, class actions provide the class members who are

11    not named in the complaint anonymity that allows for the vindication of

12    their rights.

13    17.    There are common questions of law and fact as to the class members that

14    predominate over questions affecting only individual members.  The following common

15    questions of law and fact, among others, exist as to the members of the class:

16    a.    Whether Defendants' failure to pay wages, without abatement or

17    reduction, in accordance with the California Labor Code, was willful;

18    b.    Whether Defendants' had a corporate policy and practice of failing to

19    pay their hourly-paid or non-exempt employees within the State of

20    California for all hours worked, missed meal periods and rest breaks in

21    violation of California law;

22    c.    Whether Defendants required Plaintiffs and the other class members to

23    work over eight (8) hours per day and/or over forty (40) hours per week

24    and failed to pay the legally required overtime compensation to Plaintiffs

25    and the other class members;

26    d.    Whether Defendants deprived Plaintiffs and the other class members of

27    meal and/or rest periods or required Plaintiffs and the other class

28    members to work during meal and/or rest periods without compensation;

5

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  e. Whether Defendants failed to pay minimum wages to Plaintiffs and the

2   other class members for all hours worked;

3  f. Whether Defendants failed to pay all wages due to Plaintiffs and the

4   other class members within the required time upon their discharge or

5   resignation;

6  g. Whether Defendants failed to timely pay all wages due to Plaintiffs and

7   the other class members during their employment;

8  h. Whether Defendants complied with wage reporting as required by the

9   California Labor Code; including, *inter alia*, section 226;

10  i. Whether Defendants kept complete and accurate payroll records as

11   required by the California Labor Code, including, *inter alia*, section

12   1174(d);

13  j. Whether Defendants failed to reimburse Plaintiffs and the other class

14   members for necessary business-related expenses and costs;

15  k. Whether Defendants' conduct was willful or reckless;

16  l. Whether Defendants engaged in unfair business practices in violation of

17   California Business & Professions Code section 17200, et seq.;

18  m. The appropriate amount of damages, restitution, and/or monetary

19   penalties resulting from Defendants' violation of California law; and

20  n. Whether Plaintiffs and the other class members are entitled to

21   compensatory damages pursuant to the California Labor Code.

22      **GENERAL ALLEGATIONS**

23  18. At all relevant times set forth herein, Defendants employed Plaintiffs and other

24 persons as hourly-paid or non-exempt employees within the State of California, including the

25 County of Alameda.

26  19. Defendants, jointly and severally, employed Plaintiff LOPEZ as an hourly-paid,

27 non-exempt employee, from approximately April 2013 to approximately November 2013, in

28 the State of California, County of Alameda.

6

20.     Defendants, jointly and severally, employed Plaintiff VOTAW as an hourly-paid, non-exempt employee, from approximately November 2013 to approximately July 2014, in the State of California.

21.     Defendants hired Plaintiffs and the other class members and classified them as hourly-paid or non-exempt, and failed to compensate them for all hours worked, missed meal periods and/or rest breaks.

22.     Defendants had the authority to hire and terminate Plaintiffs and the other class members, to set work rules and conditions governing Plaintiffs' and the other class members' employment, and to supervise their daily employment activities.

23.     Defendants exercised sufficient authority over the terms and conditions of Plaintiffs' and the other class members' employment for them to be joint employers of Plaintiffs and the other class members.

24.     Defendants directly hired and paid wages and benefits to Plaintiffs and the other class members.

25.     Defendants continue to employ hourly-paid or non-exempt employees within the State of California.

26.     Plaintiffs and the other class members worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants.

27.     Plaintiffs are informed and believe, and based thereon allege, that Defendants engaged in a uniform policy and systematic scheme of wage abuse against their hourly-paid or non-exempt employees within the State of California.  This scheme involved, *inter alia*, failing to pay them for all hours worked, missed meal periods and rest breaks in violation of California law.

28.     Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to receive certain wages for overtime compensation and that they were not receiving wages for overtime compensation.

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

7

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

29.     Plaintiffs are informed and believe, and based thereon allege, that Defendants failed to provide Plaintiffs and the other class members the required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties.

30.     Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiffs' and the other class member's regular rate of pay when a meal period was missed, and they did not receive all meal periods or payment of one additional hour of pay at Plaintiffs' and the other class member's regular rate of pay when a meal period was missed.

31.     Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiffs' and the other class member's regular rate of pay when a rest period was missed, and they did not receive all rest periods or payment of one additional hour of pay at Plaintiffs' and the other class members' regular rate of pay when a rest period was missed.

32.     Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for all hours worked.

33.     Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to receive all wages owed to them upon discharge or resignation, including overtime, minimum wages, meal and rest period premiums, and they did not, in fact, receive all such wages owed to them at the time of their discharge or resignation.

34.     Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to receive all wages owed to them during their employment.  Plaintiffs and the other class members did

8

1   not receive payment of all wages, including overtime and minimum wages and meal and rest

2   period premiums, within any time permissible under California Labor Code section 204.

3       35.     Plaintiffs are informed and believe, and based thereon allege, that Defendants

4   knew or should have known that Plaintiffs and the other class members were entitled to receive

5   complete and accurate wage statements in accordance with California law, but, in fact, they did

6   not receive complete and accurate wage statements from Defendants. The deficiencies

7   included, *inter alia*, the failure to include the total number of hours worked by Plaintiffs and

8   the other class members.

9       36.     Plaintiffs are informed and believe, and based thereon allege, that Defendants

10  knew or should have known that Defendants had to keep complete and accurate payroll records

11  for Plaintiffs and the other class members in accordance with California law, but, in fact, did

12  not keep complete and accurate payroll records.

13      37.     Plaintiffs are informed and believe, and based thereon allege, that Defendants

14  knew or should have known that Plaintiffs and the other class members were entitled to

15  reimbursement for necessary business-related expenses.

16      38.     Plaintiffs are informed and believe, and based thereon allege, that Defendants

17  knew or should have known that they had a duty to compensate Plaintiffs and the other class

18  members pursuant to California law, and that Defendants had the financial ability to pay such

19  compensation, but willfully, knowingly, and intentionally failed to do so, and falsely

20  represented to Plaintiffs and the other class members that they were properly denied wages, all

21  in order to increase Defendants' profits.

22      39.     At all material times set forth herein, Defendants failed to pay overtime wages

23  to Plaintiffs and the other class members for all hours worked. Plaintiffs and the other class

24  members were required to work more than eight (8) hours per day and/or forty (40) hours per

25  week without overtime compensation.

26      40.     At all material times set forth herein, Defendants failed to provide the requisite

27  uninterrupted meal and rest periods to Plaintiffs and the other class members.

28  ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

41.   At all material times set forth herein, Defendants failed to pay Plaintiffs and the other class members at least minimum wages for all hours worked.

42.   At all material times set forth herein, Defendants failed to pay Plaintiffs and the other class members all wages owed to them upon discharge or resignation.

43.   At all material times set forth herein, Defendants failed to pay Plaintiffs and the other class members all wages within any time permissible under California law, including, *inter alia*, California Labor Code section 204.

44.   At all material times set forth herein, Defendants failed to provide complete or accurate wage statements to Plaintiffs and the other class members.

45.   At all material times set forth herein, Defendants failed to keep complete or accurate payroll records for Plaintiffs and the other class members.

46.   At all material times set forth herein, Defendants failed to reimburse Plaintiffs and the other class members for necessary business-related expenses and costs.

47.   At all material times set forth herein, Defendants failed to properly compensate Plaintiffs and the other class members pursuant to California law in order to increase Defendants' profits.

48.   California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

## FIRST CAUSE OF ACTION

### (Violation of California Labor Code §§ 510 and 1198)

### (Against THE TALBOTS, INC. and DOES 1 through 100)

49.   Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 48, and each and every part thereof with the same force and effect as though fully set forth herein.

50.   California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular

10

1  rate of pay, depending on the number of hours worked by the person on a daily or weekly

2  basis, including any incentive pay.

3      51.    Specifically, the applicable IWC Wage Order provides that Defendants are and

4  were required to pay Plaintiffs and the other class members employed by Defendants, and

5  working more than eight (8) hours in a day or more than forty (4) hours in a workweek, at the

6  rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more

7  than forty (40) hours in a workweek.

8      52.    The applicable IWC Wage Order further provides that Defendants are and were

9  required to pay Plaintiffs and the other class members overtime compensation at a rate of two

10  times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

11      53.    California Labor Code section 510 codifies the right to overtime compensation

12  at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours

13  in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day

14  of work, and to overtime compensation at twice the regular hourly rate for hours worked in

15  excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day

16  of work.

17      54.    During the relevant time period, Plaintiffs and the other class members worked

18  in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week.

19  ///

20      55.    During the relevant time period, Defendants intentionally and willfully failed to

21  pay overtime wages owed to Plaintiffs and the other class members, including failing to

22  properly calculating the overtime rate.

23      56.    Defendants' failure to pay Plaintiffs and the other class members the unpaid

24  balance of overtime compensation, as required by California laws, violates the provisions of

25  California Labor Code sections 510 and 1198, and is therefore unlawful.

26      57.    Pursuant to California Labor Code section 1194, Plaintiffs and the other class

27  members are entitled to recover unpaid overtime compensation, as well as interest, costs, and

28  attorneys' fees.

**LAWYERS for JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**SECOND CAUSE OF ACTION**

**(Violation of California Labor Code §§ 226.7 and 512(a))**

**(Against THE TALBOTS, INC. and DOES 1 through 100)**

58.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 57, and each and every part thereof with the same force and effect as though fully set forth herein.

59.     At all relevant times, the IWC Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiffs' and the other class members' employment by Defendants.

60.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

61.     At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

///

62.     At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause or permit an employee to work for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

///

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

12

63.     During the relevant time period, Plaintiffs and the other class members who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

64.     During the relevant time period, Plaintiffs and the other class members who were scheduled to work for a period of time in excess of six (6) hours were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

65.     During the relevant time period, Defendants intentionally and willfully required Plaintiffs and the other class members to work during meal periods and failed to compensate Plaintiffs and the other class members the full meal period premium for work performed during meal periods.

66.     During the relevant time period, Defendants failed to pay Plaintiffs and the other class members the full meal period premium due pursuant to California Labor Code section 226.7.

67.     Defendants' conduct violates applicable IWC Wage Order and California Labor Code sections 226.7 and 512(a).

68.     Pursuant to applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiffs and the other class members are entitled to recover from Defendants one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

///
///
///
///
///
///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

13

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## THIRD CAUSE OF ACTION

### (Violation of California Labor Code § 226.7)

### (Against THE TALBOTS, INC. and DOES 1 through 100)

69.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 68, and each and every part thereof with the same force and effect as though fully set forth herein.

70.     At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiffs' and the other class members' employment by Defendants.

71.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

72.     At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

73.     During the relevant time period, Defendants required Plaintiffs and other class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

74.     During the relevant time period, Defendants willfully required Plaintiffs and the other class members to work during rest periods and failed to pay Plaintiffs and the other class members the full rest period premium for work performed during rest periods.

75.     During the relevant time period, Defendants failed to pay Plaintiffs and the other class members the full rest period premium due pursuant to California Labor Code section 226.7.

///

14

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

76.     Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

77.     Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(b), Plaintiffs and the other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided.

### FOURTH CAUSE OF ACTION

**(Violation of California Labor Code §§ 1194, 1197, and 1197.1)**

**(Against THE TALBOTS, INC. and DOES 1 through 100)**

78.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 77, and each and every part thereof with the same force and effect as though fully set forth herein.

79.     At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provide that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

80.     During the relevant time period, Defendants failed to pay minimum wage to Plaintiffs and the other class members as required, pursuant to California Labor Code sections 1194, 1197, and 1197.1.

81.     Defendants' failure to pay Plaintiffs and the other class members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1.  Pursuant to those sections Plaintiffs and the other class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

82.     Pursuant to California Labor Code section 1197.1, Plaintiffs and the other class members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages.

///

15

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

83.     Pursuant to California Labor Code section 1194.2, Plaintiffs and the other class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

### FIFTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 201 and 202)

### (Against THE TALBOTS, INC. and DOES 1 through 100)

84.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 83, and each and every part thereof with the same force and effect as though fully set forth herein.

85.     At all relevant times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

86.     During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiffs and the other class members who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ.

87.     Defendants' failure to pay Plaintiffs and the other class members who are no longer employed by Defendants' their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

88.     California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

///

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

89.   Plaintiffs and the other class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

### SIXTH CAUSE OF ACTION

### (Violation of California Labor Code § 204)

### (Against THE TALBOTS, INC. and DOES 1 through 100)

90.   Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 89, and each and every part thereof with the same force and effect as though fully set forth herein.

91.   At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 1st and 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed.

92.   At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.

93.   At all times herein set forth, California Labor Code section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

94.   During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiffs and the other class members all wages due to them, within any time period permissible under California Labor Code section 204.

95.   Plaintiffs and the other class members are entitled to recover all remedies available for violations of California Labor Code section 204.

///

///

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## SEVENTH CAUSE OF ACTION

### (Violation of California Labor Code § 226(a))

### (Against THE TALBOTS, INC. and DOES 1 through 100)

96.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 95, and each and every part thereof with the same force and effect as though fully set forth herein.

97.     At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

98.     Defendants have intentionally and willfully failed to provide Plaintiffs and the other class members with complete and accurate wage statements. The deficiencies include, but are not limited to: the failure to include the total number of hours worked by Plaintiffs and the other class members.

99.     As a result of Defendants' violation of California Labor Code section 226(a), Plaintiffs and the other class members have suffered injury and damage to their statutorily-protected rights.

///

18

100.   More specifically, Plaintiffs and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate and itemized wage statements pursuant to California Labor Code section 226(a).

101.   Plaintiffs and the other class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

102.   Plaintiffs and the other class members are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(g).

## EIGHTH CAUSE OF ACTION

### (Violation of California Labor Code § 1174(d))

### (Against THE TALBOTS, INC. and DOES 1 through 100)

103.   Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 102, and each and every part thereof with the same force and effect as though fully set forth herein.

104.   Pursuant to California Labor Code section 1174(d), an employer shall keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments.  These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

///
///
///
///
///

**LAWYERS for JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

19

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

105.    Defendants have intentionally and willfully failed to keep accurate and complete payroll records showing the hours worked daily and the wages paid, to Plaintiffs and the other class members.

106.    As a result of Defendants' violation of California Labor Code section 1174(d), Plaintiffs and the other class members have suffered injury and damage to their statutorily-protected rights.

107.    More specifically, Plaintiffs and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 1174(d) because they were denied both their legal right and protected interest, in having available, accurate and complete payroll records pursuant to California Labor Code section 1174(d).

## NINTH CAUSE OF ACTION

### Violation of California Labor Code §§ 2800 and 2802

### (Against THE TALBOTS, INC. and DOES 1 through 100)

108.    Plaintiffs incorporates by reference the allegations contained in paragraphs 1 through 107, and each and every part thereof with the same force and effect as though fully set forth herein.

109.    Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her job duties or in direct consequence of his or her job duties or in direct consequence of his or her obedience to the directions of the employer.

110.    Plaintiffs and the other class members incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants.

111.    Defendants have intentionally and willfully failed to reimburse Plaintiffs and the other class members for all necessary business-related expenses and costs. Plaintiffs and the other class members are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

20

Case 4:15-cv-05080-PJH   Document 1-3   Filed 11/05/15   Page 60 of 81

## TENTH CAUSE OF ACTION

### (Violation of California Business & Professions Code §§ 17200, et seq.)

### (Against THE TALBOTS, INC. and DOES 1 through 100)

112.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 111, and each and every part thereof with the same force and effect as though fully set forth herein.

113.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiffs, other class members, to the general public, and Defendants' competitors. Accordingly, Plaintiffs seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

114.    Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq.

115.    A violation of California Business & Professions Code section 17200, et seq. may be predicated on the violation of any state or federal law. In this instant case, Defendants' policies and practices of requiring employees, including Plaintiffs and the other class members, to work overtime without paying them proper compensation violate California Labor Code sections 510 and 1198. Additionally, Defendants' policies and practices of requiring employees, including Plaintiffs and the other class members, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a). Defendants' policies and practices of failing to pay minimum wages violate California Labor Code sections 1194, 1197, and 1197.1. Moreover, Defendants' policies and practices of failing to timely pay wages to Plaintiffs and the other class members violate California Labor Code sections 201, 202 and 204. Defendants also violated California Labor Code sections 226(a), 1174(d), 2800 and 2802.

116.    As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

21

117.   Plaintiffs and the other class members have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

118.   Pursuant to California Business & Professions Code sections 17200, et seq., Plaintiffs and the other class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences from September 14, 2011; an award of attorneys' fees pursuant to California Code of Civil procedure section 1021.5 and other applicable laws; and an award of costs.

## DEMAND FOR JURY TRIAL

Plaintiffs, individually, and on behalf of other members of the general public similarly situated, requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all other members of the general public similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1.   That this action be certified as a class action;

2.   That Plaintiffs be appointed as the representative of the Class;

3.   That counsel for Plaintiffs be appointed as Class Counsel; and

4.   That Defendants provide to Class Counsel immediately the names and most current contact information (address, e-mail and telephone numbers) of all class members.

### As to the First Cause of Action

5.   That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiffs and the other class members;

6.   For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

22

1    7.    For pre-judgment interest on any unpaid overtime compensation commencing

2   from the date such amounts were due;

3    8.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

4   California Labor Code section 1194; and

5    9.    For such other and further relief as the court may deem just and proper.

6                          **As to the Second Cause of Action**

7    10.   That the Court declare, adjudge and decree that Defendants violated California

8   Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to

9   provide all meal periods (including second meal periods) to Plaintiffs and the other class

10  members;

11   11.   That the Court make an award to Plaintiffs and the other class members of one

12  (1) hour of pay at each employee's regular rate of compensation for each workday that a meal

13  period was not provided;

14   12.   For all actual, consequential, and incidental losses and damages, according to

15  proof;

16   13.   For premium wages pursuant to California Labor Code section 226.7(b);

17   14.   For pre-judgment interest on any unpaid wages from the date such amounts

18  were due;

19   15.   For reasonable attorneys' fees and costs of suit incurred herein; and

20   16.   For such other and further relief as the court may deem just and proper.

21                          **As to the Third Cause of Action**

22   17.   That the Court declare, adjudge and decree that Defendants violated California

23  Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all

24  rest periods to Plaintiffs and the other class members;

25   18.   That the Court make an award to Plaintiffs and the other class members of one

26  (1) hour of pay at each employee's regular rate of compensation for each workday that a rest

27  period was not provided;

28  ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

23

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

19.   For all actual, consequential, and incidental losses and damages, according to proof;

20.   For premium wages pursuant to California Labor Code section 226.7(b);

21.   For pre-judgment interest on any unpaid wages from the date such amounts were due; and

22.   For such other and further relief as the court may deem just and proper.

### As to the Fourth Cause of Action

23.   That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to Plaintiffs and the other class members;

24.   For general unpaid wages and such general and special damages as may be appropriate;

25.   For statutory wage penalties pursuant to California Labor Code section 1197.1 for Plaintiffs and the other class members in the amount as may be established according to proof at trial;

26.   For pre-judgment interest on any unpaid compensation from the date such amounts were due;

27.   For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

28.   For liquidated damages pursuant to California Labor Code section 1194.2; and

29.   For such other and further relief as the court may deem just and proper.

### As to the Fifth Cause of Action

30.   That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiffs and the other class members no longer employed by Defendants;

31.   For all actual, consequential, and incidental losses and damages, according to proof;

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

24

1    32.    For statutory wage penalties pursuant to California Labor Code section 203 for

2    Plaintiffs and the other class members who have left Defendants' employ;

3    33.    For pre-judgment interest on any unpaid compensation from the date such

4    amounts were due; and

5    34.    For such other and further relief as the court may deem just and proper.

6    <u>As to the Sixth Cause of Action</u>

7    35.    That the Court declare, adjudge and decree that Defendants violated California

8    Labor Code section 204 by willfully failing to pay all compensation owed at the time required

9    by California Labor Code section 204 to Plaintiffs and the other class members;

10    36.    For all actual, consequential, and incidental losses and damages, according to

11    proof;

12    37.    For pre-judgment interest on any unpaid compensation from the date such

13    amounts were due; and

14    38.    For such other and further relief as the court may deem just and proper.

15    <u>As to the Seventh Cause of Action</u>

16    39.    That the Court declare, adjudge and decree that Defendants violated the record

17    keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders

18    as to Plaintiffs and the other class members, and willfully failed to provide accurate itemized

19    wage statements thereto;

20    40.    For actual, consequential and incidental losses and damages, according to proof;

21    41.    For statutory penalties pursuant to California Labor Code section 226(e);

22    42.    For injunctive relief to ensure compliance with this section, pursuant to

23    California Labor Code section 226(g); and

24    43.    For such other and further relief as the court may deem just and proper.

25    ///

26    ///

27    ///

28    ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

### As to the Eighth Cause of Action

44.     That the Court declare, adjudge and decree that Defendants violated California Labor Code section 1174(d) by willfully failing to keep accurate and complete payroll records for Plaintiffs and the other class members as required by California Labor Code section 1174(d);

45.     For actual, consequential and incidental losses and damages, according to proof;

46.     For statutory penalties pursuant to California Labor Code section 1174.5; and

47.     For such other and further relief as the court may deem just and proper.

### As to the Ninth Cause of Action

48.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiffs and the other class members for all necessary business-related expenses as required by California Labor Code sections 2800 and 2802;

49.     For actual, consequential and incidental losses and damages, according to proof;

50.     For the imposition of civil penalties and/or statutory penalties;

51.     For reasonable attorneys' fees and costs of suit incurred herein;

52.     For such other and further relief as the Court may deem just and proper.

### As to the Tenth Cause of Action

53.     That the Court decree, adjudge and decree that Defendants violated California Business and Professions Code sections 17200, et seq. by failing to provide Plaintiffs and the other class members all overtime compensation due to them, failing to provide all meal and rest periods to Plaintiffs and the other class members, failing to pay at least minimum wages to Plaintiffs and the other class members, failing to pay Plaintiffs' and the other class members' wages timely as required by California Labor Code section 201, 202 and 204, and by violating California Labor Code sections 226(a), 1174(d), 2800 and 2802.

54.     For restitution of unpaid wages to Plaintiffs and all the other class members and all pre-judgment interest from the day such amounts were due and payable;

///

55.   For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violation of California Business and Professions Code sections 17200, et seq.;

56.   For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

57.   For injunctive relief to ensure compliance with this section, pursuant to California Business and Professions Code sections 17200, et seq.; and

58.   For such other and further relief as the court may deem just and proper.

Dated: September 16, 2015

LAWYERS *for* JUSTICE, PC

By: _____
Edwin Aiwazian
*Attorneys for* Plaintiff

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

27

**Summons Issued and Filed**


*14058554*

FIRST AMENDED

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED**
ALAMEDA COUNTY

SEP 1 6 2015

_____ Exec. Off/Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

THE TALBOTS, INC., an unknown business entity; and DOES 1
through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

RICARDO LOPEZ; HEATHER VOTAW; individually, and on behalf
of other members of the general public similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* Superior Court of State of California | *(Número de Caso):* RG 15785672 |

County of Alameda, Rene C. Davidson Courthouse
1225 Fallon Street, Oakland, California 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Edwin Aiwazian, 410 Arden Ave., Ste. 203, Glendale, CA 91203; Telephone No. (818) 265-1020

| DATE: **SEP 1 6 2015** | Clerk, by | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [  ] as an individual defendant.
2. [  ] as the person sued under the fictitious name of *(specify):*

3. [  ] on behalf of *(specify):*

   under: [  ] CCP 416.10 (corporation)      [  ] CCP 416.60 (minor)
          [  ] CCP 416.20 (defunct corporation) [  ] CCP 416.70 (conservatee)
          [  ] CCP 416.40 (association or partnership) [  ] CCP 416.90 (authorized person)

   [  ] other *(specify):*
4. [  ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**FIRST AMENDED SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**FAX FILING**

# EXHIBIT 3

EXHIBIT 3

 CT Corporation

**Service of Process Transmittal**
10/06/2015
CT Log Number 527942244

TO: Barbara Williams
The Talbots, Inc.
175 Beal St
Hingham, MA 02043-1512

RE: **Process Served in California**

FOR: The Talbots, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Ricardo Lopez, et al., Pltfs. vs. The Talbots, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Cover Sheet Addendum, First Amended Complaint |
| **COURT/AGENCY:** | Alameda County - Superior Court - Oakland, CA
Case # RG15785672 |
| **NATURE OF ACTION:** | Employee Litigation - Claim for unpaid wages |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/06/2015 at 11:55 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Edwin Aiwazian
Lawyers for Justice, PC
410 West Arden Avenue
Suite 203
Glendale, CA 91203
818-265-1020 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/06/2015, Expected Purge Date: 10/11/2015

Image SOP

Email Notification,  Barbara Williams  BARBARA.WILLIAMS@TALBOTS.COM |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street
Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**Service of Process
Transmittal**
10/06/2015
CT Log Number 527942244

TO:   Barbara Williams
      The Talbots, Inc.
      175 Beal St
      Hingham, MA 02043-1512

RE:   **Process Served in California**

FOR:  The Talbots, Inc.  (Domestic State: DE)

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| Letter, Attachment(s) | By Regular Mail on 09/21/2015 at 13:47 postmarked: "Not Post Marked" | JOSEPH LEROY SACRAMENTO CONTAINER CORPORATION | 527860388 |
| Letter, Attachment(s) | By Regular Mail on 09/21/2015 at 13:47 postmarked: "Not Post Marked" | Barbara Williams The Talbots, Inc. | 527860385 |
| Summons, Instructions, Complaint(s) | By Process Server on 08/26/2015 at 11:06 | Barb Lynch Express Messenger Systems, Inc. | 527712840 |

Page 2 of  2 / AP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# EXHIBIT 4

EXHIBIT 4

# Complex Determination Hearing
# Commenced and Completed

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| **Lopez** | No. RG15785672 |
| Plaintiff/Petitioner(s) | |
| VS. | **Minutes** |
| **The Talbots, Inc.** | |
| Defendant/Respondent(s) | |
| **(Abbreviated Title)** | |

Department   17                     Honorable   George C. Hernandez, Jr.   , Judge

Cause called for: Complex Determination Hearing on October 26, 2015.

There being no request for oral arguments, the affirms its tentative ruling in its entirety.

The order will be issued by the court.

The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court.  The matter is assigned for all purposes including trial to Department 17 of the Alameda County Superior Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq.

COMPLEX CASE FEES

Pursuant to Government Code section 70616, any non-exempt party who has appeared in the action but has not paid the complex case fee is required to pay the fee within ten days of the filing of this order. The complex case fee is $1,000 for each plaintiff or group of plaintiffs appearing together and $1,000 PER PARTY for each defendant, intervenor, respondent or other adverse party, whether filing separately or jointly, up to a maximum of $18,000 for all adverse parties. All payments must identify on whose behalf the fee is submitted. Please submit payment to the attention of the Complex Litigation Clerk located in the Civil Division at the Rene C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA 94612. Please make check(s) payable to the Clerk of the Superior Court. Documents may continue to be filed as allowed under Local Rule 1.9.

PROCEDURES

Calendar information, filings, and tentative rulings are available to the public at http://www.alameda.courts.ca.gov/domainweb/.  All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda County Superior Court Local Rules, and the protocols set forth on the Court's website for Department 17.

All motions and ex parte applications shall be noticed for hearing in Department 17. The parties shall reserve hearing dates and times by contacting the Department 17 courtroom clerk via email at Dept.17@alameda.courts.ca.gov. The courtroom clerk can also be contacted by phone at (510) 267-6933, but phone contact should be used very sparingly. E-mail is the preferred method of communication.

Courtesy (bench) copies of all filings should be delivered directly to Dept. 17 and may be left in the drop box when court is in session. The Court may also direct that certain filings be supplemented by an electronic copy (via e-mail to Dept.17@alameda.courts.ca.gov or by CD-ROM lodged with the clerk in Dept. 17). Any such electronic copy of documents shall be in Microsoft Word readable form (Microsoft Word, Word Perfect, a TIF or JPEG file inserted into a Word file, or any other format that can be saved in a Microsoft Word document).  Each separate document (notice, points and authorities, declarations, requests for judicial notice, et al) must be in a separate file in the diskette and the computer files must be identified in a fashion to permit accurate identification by Court personnel (e.g. "Notice.doc," "Points and

M10141102

Authorities.doc," "Li Declaration.doc," "Johnson Declaration.doc," and "Proof of Service.doc," NOT "Quashnot.doc," "briefdraft3.doc," "Defdecl.doc," "Decl2revised.doc," or "Form5.doc.")  Electronic media submitted will not be returned.

CASE MANAGEMENT

At the Initial CCMC, the parties must be prepared to discuss at length the nature of the case, both factually and legally, as well as the projected management of the case at each stage.  This is not a perfunctory exercise.  The primary objective of the CCMC is to develop a comprehensive plan for a just, speedy and economical determination of the litigation.

Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732. No fee is charged for this service.  For further information, go to Direct Calendar Departments at http://apps.alameda.courts.ca.gov/domainweb.  However, courtesy copies of statements must be delivered directly to Dept. 17.  The filing and delivery date is not later than five court days before the conference.

The Court strongly prefers joint CCMC statements prepared in narrative form, and not using Form CM-110, after counsel have met and conferred as required by CRC 3.724.   CCMC statements must address the following issues when applicable:

A.  A brief factual summary to assist the Court in understanding the background of the case, a statement of the issues presented, including each theory of liability and defense and a summary of the facts supporting each position taken, and the relief sought, including an estimate of damages.

B.  The number of parties and their posture, including a proposed structure of representation, (e.g., liaison/lead counsel or by committee) if applicable;

C.  Deadlines and limits on joinder of parties and amended or additional pleadings;

D.  Class discovery and class certification;

E.  A proposed schedule for the conduct of the litigation including, but not limited to, a discovery plan, a plan for hearing remaining law and motion, and a projected trial date;

F.  An identification of all potential evidentiary issues involving confidentiality or protected evidence;

G.  A detailed description of the procedural posture of the case, describing any outstanding procedural problems, including, but not limited to:

   (1)  unserved parties and the reasons for the failure to serve;

   (2)  unserved and/or unfiled cross-complaints;

   (3)  related actions pending in any jurisdiction and the potential for coordination or consolidation;

   (4)  any possible jurisdictional or venue issues that may arise;

   (5)  the status of discovery, including a description of all anticipated discovery and incomplete or disputed discovery issues;

   (6)  unresolved law and motion matters;

   (7)  requests for, or opposition to, any ADR proceedings, including but not limited to mediation, judicial or contractual arbitration;

   (8)  severance of issues for trial; and

   (9)  calendar conflicts for any attorney, witness, or party, and any other matter which may affect the setting of a trial date.

H.  Counsel may make suggestions for streamlining the litigation, including, but not limited to, a master file system, designation of lead counsel [for plaintiff(s) and/or defendant(s)] to streamline service of process and/or management of discovery, the use of e-filing, and the use of a web-page maintained by lead

counsel for the purpose of posting the litigation schedule and agenda.

SERVICE OF THIS ORDER

Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not listed on the proof of service of this order and file proof of service. Each party defendant joining any third party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service.

Minutes of    10/26/2015
Entered on    10/26/2015

Chad Finke  Executive Officer / Clerk of the Superior Court

By _____

Deputy Clerk

---

**Minutes**

**Motion Granted**

Lawyers for Justice, PC
Attn: Aiwazian, Edwin
410 West Arden Avenue
Suite 203
Glendale, CA   91203____

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Lopez <br><br> Plaintiff/Petitioner(s) <br><br> VS. <br><br> The Talbots, Inc. <br> Defendant/Respondent(s) <br> (Abbreviated Title) | No. <u>RG15785672</u> <br><br> Order <br><br> Complaint - Other Employment |

The Complex Determination Hearing was set for hearing on 10/26/2015 at 02:30 PM in Department 17 before the Honorable George C. Hernandez, Jr..  The Tentative Ruling was published and has not been contested.

IT IS HEREBY ORDERED THAT:

The tentative ruling is affirmed as follows:  The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court.  The matter is assigned for all purposes including trial to Department 17 of the Alameda County Superior Court.  Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq.

COMPLEX CASE FEES

Pursuant to Government Code section 70616, any non-exempt party who has appeared in the action but has not paid the complex case fee is required to pay the fee within ten days of the filing of this order. The complex case fee is $1,000 for each plaintiff or group of plaintiffs appearing together and $1,000 PER PARTY for each defendant, intervenor, respondent or other adverse party, whether filing separately or jointly, up to a maximum of $18,000 for all adverse parties. All payments must identify on whose behalf the fee is submitted. Please submit payment to the attention of the Complex Litigation Clerk located in the Civil Division at the Rene C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA  94612.  Please make check(s) payable to the Clerk of the Superior Court. Documents may continue to be filed as allowed under Local Rule 1.9.

PROCEDURES

Calendar information, filings, and tentative rulings are available to the public at http://www.alameda.courts.ca.gov/domainweb/.   All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda County Superior Court Local Rules, and the protocols set forth on the Court's website for Department 17.

All motions and ex parte applications shall be noticed for hearing in Department 17. The parties shall reserve hearing dates and times by contacting the Department 17 courtroom clerk via email at Dept.17@alameda.courts.ca.gov . The courtroom clerk can also be contacted by phone at (510) 267-6933, but phone contact should be used very sparingly. E-mail is the preferred method of communication.

Courtesy (bench) copies of all filings should be delivered directly to Dept. 17 and may be left in the drop box when court is in session. The Court may also direct that certain filings be supplemented by an electronic copy (via e-mail to Dept.17@alameda.courts.ca.gov or by CD-ROM lodged with the clerk in Dept. 17). Any such electronic copy of documents shall be in Microsoft Word readable form (Microsoft Word, Word Perfect, a TIF or JPEG file inserted into a Word file, or any other format that can be saved in a Microsoft Word document). Each separate document (notice, points and authorities, declarations, requests for judicial notice, et al) must be in a separate file in the diskette and the computer files must be identified in a fashion to permit accurate identification by Court personnel (e.g. "Notice.doc," "Points and Authorities.doc," "Li Declaration.doc," "Johnson Declaration.doc," and "Proof of Service.doc," NOT "Quashnot.doc," "briefdraft3.doc," "Defdecl.doc," "Decl2revised.doc," or "Form5.doc.") Electronic media submitted will not be returned.

CASE MANAGEMENT

At the Initial CCMC, the parties must be prepared to discuss at length the nature of the case, both factually and legally, as well as the projected management of the case at each stage. This is not a perfunctory exercise. The primary objective of the CCMC is to develop a comprehensive plan for a just, speedy and economical determination of the litigation.

Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732. No fee is charged for this service. For further information, go to Direct Calendar Departments at http://apps.alameda.courts.ca.gov/domainweb. However, courtesy copies of statements must be delivered directly to Dept. 17. The filing and delivery date is not later than five court days before the conference.

The Court strongly prefers joint CCMC statements prepared in narrative form, and not using Form CM-110, after counsel have met and conferred as required by CRC 3.724. CCMC statements must address the following issues when applicable:

A. A brief factual summary to assist the Court in understanding the background of the case, a statement of the issues presented, including each theory of liability and defense and a summary of the facts supporting each position taken, and the relief sought, including an estimate of damages.

B. The number of parties and their posture, including a proposed structure of representation, (e.g., liaison/lead counsel or by committee) if applicable;

C. Deadlines and limits on joinder of parties and amended or additional pleadings;

D. Class discovery and class certification;

E. A proposed schedule for the conduct of the litigation including, but not limited to, a discovery plan, a plan for hearing remaining law and motion, and a projected trial date;

F. An identification of all potential evidentiary issues involving confidentiality or protected evidence;

G. A detailed description of the procedural posture of the case, describing any outstanding procedural problems, including, but not limited to:

   (1) unserved parties and the reasons for the failure to serve;

   (2) unserved and/or unfiled cross-complaints;

   (3) related actions pending in any jurisdiction and the potential for coordination or consolidation;

   (4) any possible jurisdictional or venue issues that may arise;

   (5) the status of discovery, including a description of all anticipated discovery and incomplete or disputed discovery issues;

   (6) unresolved law and motion matters;

(7)  requests for, or opposition to, any ADR proceedings, including but not limited to mediation, judicial or contractual arbitration;

(8)  severance of issues for trial; and

(9)  calendar conflicts for any attorney, witness, or party, and any other matter which may affect the setting of a trial date.

H.  Counsel may make suggestions for streamlining the litigation, including, but not limited to, a master file system, designation of lead counsel [for plaintiff(s) and/or defendant(s)] to streamline service of process and/or management of discovery, the use of e-filing, and the use of a web-page maintained by lead counsel for the purpose of posting the litigation schedule and agenda.

SERVICE OF THIS ORDER

Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not listed on the proof of service of this order and file proof of service. Each party defendant joining any third party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service.

Dated:  10/26/2015

_____
Judge George C. Hernandez, Jr.

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

Case Number:  RG15785672
Order After Hearing Re: of 10/26/2015

## DECLARATION OF SERVICE BY MAIL

I certify that I am not a party to this cause and that a true and correct copy of the
foregoing document was mailed first class, postage prepaid, in a sealed envelope,
addressed as shown on the foregoing document or on the attached, and that the
mailing of the foregoing and execution of this certificate occurred at
1225 Fallon Street, Oakland, California.

Executed on 10/26/2015.

Chad Finke  Executive Officer / Clerk of the Superior Court

By _____

Deputy Clerk