1  SEYFARTH SHAW LLP
   Gerald L. Maatman, Jr. (*pro hac vice application pending*)
2  *gmaatman@seyfarth.com*
   Christina Janice (*pro hac vice application pending*)
3  *cjanice@seyfarth.com*
   131 South Dearborn Street, Suite 2400
4  Chicago, Illinois 60603
   Telephone: (312) 460-5882
5  Facsimile: (312) 460-7882

6  Seyfarth Shaw LLP
   Laura J. Maechtlen (SBN 224923)
7  *lmaechtlen@seyfarth.com*
   Ari Hersher (State Bar No. 260321)
8  *ahersher@seyfarth.com*
   Nicholas R. Clements (SBN 267314)
9  *nclements@seyfarth.com*
   560 Mission Street, Suite 3100
10 San Francisco, California 94105
   Telephone: (415) 397-2823
11 Facsimile: (415) 397-8549

12 Attorneys for Defendant
   THE TALBOTS, INC.

13

14

15              UNITED STATES DISTRICT COURT

16              NORTHERN DISTRICT OF CALIFORNIA

17

18 RICARDO LOPEZ; HEATHER VOTAW;           Case No. 4:15-cv-05080-DMR
   individually, and on behalf of other members of
19 the general public similarly situated,       **MEMORANDUM OF POINTS AND**
                                                 **AUTHORITIES IN SUPPORT OF**
20              Plaintiffs,                       **DEFENDANT'S 12(b)(6) MOTION TO**
                                                 **DISMISS AND MOTION TO STRIKE**
21     v.                                         **PORTIONS OF PLAINTIFFS'**
                                                 **COMPLAINT**
22 THE TALBOTS, INC., an unknown business
   entity; and DOES 1 through 100, inclusive,    Date:      January 28, 2016
23                                               Time:      11:00 am
                Defendants.                      Courtroom: 4
24

25                                               Complaint Filed:   September 16, 2015
                                                 Complaint Served:  October 6, 2015
26

27

28

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ................................................................................................................. 1

II.  LEGAL STANDARD ......................................................................................................... 3

    A.  A Complaint Is Subject To A Motion To Dismiss For Failure To State Facts
Sufficient To Constitute A Claim ............................................................................ 3

    B.  A Court May Strike Claims Because Of Insufficient Fact-Based Pleadings Under
Rule 12(f) ................................................................................................................ 4

III.  ARGUMENT ...................................................................................................................... 5

    A.  Plaintiffs' Conclusory Allegations Of Class-Wide Harm Are Insufficient To Plead
Viable Class-Wide Claims Under Rule 23(a) And Should Be Dismissed Or
Stricken ................................................................................................................... 5

        1.  Plaintiffs Fail To Allege Facts To Demonstrate That Commonality And
Predominance Are Not Mere Speculation ................................................. 5

        2.  Plaintiffs Do Not State Facts To Show That Their Claims Are Typical Of
The Class As Required By Rule 23(a)(3) .................................................. 7

        3.  Plaintiffs Do Not Plead Facts To Suggest That They Are Adequate Class
Representatives As Required By Rule 23(a)(4)........................................... 7

        4.  Plaintiffs' Purported Class Is Not Ascertainable ...................................... 8

    B.  Plaintiffs' FAC Asserts Only Conclusions, And No Facts, Supporting Their First
Through Fifth, Ninth, And Tenth Causes Of Action ............................................... 9

        1.  Plaintiffs Fail To Allege Sufficient Facts To State Their First Claim For
Failure To Pay Overtime............................................................................ 9

        2.  Plaintiffs Fail To Allege Sufficient Facts To State Their Second And Third
Causes Of Action Alleged Meal And Rest Period Violations .............................. 10

        3.  Plaintiffs Fail To Allege Facts To State Their Fourth Claim For Failure To
Pay Minimum Wages........................................................................... 12

        4.  Plaintiffs' Fifth Claim For Failure To Timely Pay Final Wages Fails For
Lack Of Supporting Facts .................................................................. 12

        5.  Plaintiffs' Ninth Claim For Failure To Reimburse Business Expenses Fails
For Lack Of Supporting Facts........................................................... 12

        6.  Plaintiffs' Tenth Claim For Violation Of The UCL Fails As Derivative Of
The Factually Unsupported Wage Claims And As Lacking Any
Independent Facts In Support Thereof................................................. 13

i

C.     Plaintiffs' Sixth, Seventh, And Eighth Claims Should Be Dismissed Without Leave To Amend Because They Are Legally And Incurably Deficient As A Matter Of Law ........................................................................................ 14

1.     Plaintiffs' Sixth Claim Fails As A Matter Of Law Because There Is No Private Right Of Action For Violation Of Labor Code Section 204 ................... 14

2.     Plaintiffs' Seventh Claim For Labor Code Section 226 Penalties Is Time-Barred And Fails Because It States No Facts In Support ..................................... 15

3.     Labor Code Section 1174 Does Not Provide For A Private Right Of Action .......................................................................................................... 16

D.     Plaintiffs' Allegations Seeking Penalties And Damages Based On Penalty Statutes And Injunctive Relief Under Their UCL Claim Must Be Stricken ................................ 17

IV.     CONCLUSION ........................................................................................................ 18

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Anderson v. Blockbuster Inc.*,
   2010 WL 1797249 (E.D. Cal. May 4, 2010) ....................................................9, 11

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).........................................................................................3

*Beal v. Lifetouch, Inc.*,
   2012 WL 3705171 (C.D. Cal. Aug. 27, 2012).......................................................17

*Beauperthuy v. 24 Hour Fitness USA, Inc.*,
   2007 WL 707475 (N.D. Cal. 2007) ...................................................................5

*Bell Atlantic Corp v. Twombly*,
   550 U.S. 544 (2007).........................................................................................4

*DeLeon v. Time Warner Cable LLC*,
   2009 WL 9426145 (C.D. Cal. July 17, 2009)........................................................9

*Delodder v. Aerotek, Inc.*,
   2009 WL 3770670 (C.D. Cal. Nov. 9, 2009).......................................................17

*Doe I v. Wal-Mart Stores, Inc.*,
   572 F. 3d 677 (9th Cir. 2009) ...........................................................................6

*Elliot v. Spherion Pacific Work LLC*,
   572 F. Supp. 2d 1169 (C.D. Cal. 2008) ............................................................15

*Fantasy, Inc. v. Fogerty*,
   984 F. 2d 1524 (9th Cir. 1993) ..........................................................................4

*Gen. Tel. Co. of Sw. v. Falcon*,
   457 U.S. 147 (1982).........................................................................................4

*Gunawan v. Howroyd-Wright Employment Agency*,
   997 F. Supp. 2d 1058 (C.D. Cal. 2014) ............................................................17

*Harding v. Time Warner Inc.*,
   2010 WL 457690 (S.D. Cal. Jan 26, 2010).........................................................11

*Hennighan v. Insphere Ins. Solutions, Inc.*,
   2013 WL 1758934 (N.D. Cal. Apr. 24, 2013) ....................................................12

iii

*In re Tetracycline Cases*,
    107 F.R.D. 719 (W.D. Mo. 1985) ...................................................................8

*Johnson v. Hewlett-Packard Co.*,
    809 F. Supp. 2d 1114 (N.D. Cal. 2011) .......................................................13

*Landers v. Quality Communications, Inc.*,
    771 F. 3d 638 (9th Cir. 2014) .......................................................................9

*Lefevere v. Pacific Bell Directory*,
    2014 WL 5810530 (N.D. Cal. Nov. 7, 2014) ...............................................11

*O'Connor v. Boeing N. Am., Inc.*,
    197 F.R.D. 404 (C.D. Cal. 2000) ..................................................................8

*Ovieda v. Sodexo Operations, LLC*,
    2012 WL 1627237 (C.D. Cal. 2012)..................................................6, 10, 11

*Pilgrim v. Universal Health Card, LLC*,
    660 F. 3d 943 (6th Cir. 2011) .......................................................................4

*Ramirez v. Manpower*,
    2014 WL 116531 (N.D. Cal. Jan. 10, 2014) ...............................................12

*Ries v. Arizona Beverages USA LLC*,
    287 F.R.D. 523 (N.D. Cal. 2012) ..................................................................7

*Sanders v. Apple, Inc.*,
    672 F. Supp. 2d 978 (N.D. Cal. 2009) .......................................................4, 9

*Sarkisov v. StoneMor Partners, L.P.*,
    2014 WL 1340762 (N.D. Cal. Apr. 3, 2014) ...............................................14

*Silva v. U.S. Bancorp*,
    2011 WL 7096576 (C.D. Cal. Oct. 6, 2011)................................................16

*Somers v. Apple, Inc.*,
    729 F. 3d 953 (9th Cir. 2013) .....................................................................13

*Thompson v. Merck & Co.*,
    2004 WL 62710 (E.D. Pa. 2004) ..................................................................4

*Wal-Mart Stores, Inc. v. Dukes*,
    131 S. Ct. 2541 (2011)..................................................................................5

*Walsh v. Nevada Dept. of Human Resources*,
    471 F. 3d 1033 (9th Cir. 2006) ...................................................................17

iv

*Weigele v. FedEx Ground Package Sys., Inc.*,
  2010 WL 4723673 (S.D. Cal. 2010) ..................................................................8, 11

*Wert v. U.S. Bancorp*,
  2014 WL 2860287 (S.D. Cal. June 23, 2014)............................................................12

*Wolin v. Jaguar Land Rover N. Am., LLC*,
  617 F. 3d 1168 (9th Cir. 2010) ..................................................................................7

*Young v. ABM Sec. Servs.*,
  1990 WL 89347 (9th Cir. 1990) ................................................................................13

*Zhong v. August Corp.*,
  498 F. Supp. 2d 625 (S.D.N.Y. 2007)........................................................................10

*Zinser v. Accufix Research Inst., Inc.*,
  253 F. 3d 1180 (9th Cir. 2001) ...................................................................................4

Sᴛᴀᴛᴇ Cᴀsᴇs

*Bartlett v. Hawaiian Village, Inc.*,
  87 Cal. App. 3d 435 (1978) ........................................................................................7

*Brinker Restaurant Corp. v. Superior Court*,
  53 Cal. 4th (2012) ................................................................................................5, 10

*Cel-Tech Comms., Inc. v. Los Angeles Cellular Tel. Co.*,
  20 Cal. 4th 163 (1999) ..............................................................................................16

*Cortez v. Purolator Air Filtration Prods.*,
  23 Cal. 4th 163 (2000) ..............................................................................................16

*Dailey v. Sears, Roebuck and Co.*,
  214 Cal. App. 4th 974 (2013) .............................................................................13, 15

*Moradi-Shalal v. Fireman's Fund Ins. Cos.*,
  46 Cal. 3d 287 (1988) ...............................................................................................16

*Murphy v. Kenneth Cole Prods.*,
  40 Cal. 4th 1094 (2007) ............................................................................................14

*Pineda v. Bank of America, N.A.*,
  50 Cal. 4th 1389 (2010) ............................................................................................17

*Reynolds v. Bement*,
  107 Cal. App. 4th 738 (2003) ....................................................................................16

*See's Candy Shops, Inc. v. Superior Court*,
  10 Cal. App. 4th 889 (2012) ......................................................................................13

v

*Trotsky v. Los Angeles Fed. Sav. & Loan Ass'n*,
    48 Cal. App. 3d 134 (1975) .................................................................................7

*Vikco Ins. Servs. v. Ohio Indem. Co.*,
    70 Cal. App. 4th 55 (1999) ...............................................................................16

**STATE STATUTES**

Business and Professions Code § 17200.....................................................13, 17

Cal. Lab. Code § 201 ..............................................................................11, 12, 16

Cal. Lab. Code § 202 ..............................................................................11, 12, 16

Cal. Lab. Code § 203 ..............................................................................12, 16, 17

Cal. Lab. Code § 204…………………………………………………………13, 14, 16

Cal. Lab. Code § 203(b).........................................................................................14

Cal. Lab. Code § 210 ....................................................................................13, 14

Cal. Lab. Code § 226, subd. (a).........................................................14, 15, 16

Cal. Lab. Code § 226, subd. (e)................................................................14, 15

Labor Code § 226........................................................................14, 15, 17

Labor Code § 226.7.............................................................................10, 11

Labor Code § 1174.................................................................................................16

Labor Code § 2800.................................................................................................12

Labor Code § 2802.................................................................................................12

**RULES**

Fed. R. Civ. P. 8(a)(2)......................................................................................3, 4

Fed. R. Civ. P. 12(b)(6).................................................................................3, 4, 8

Fed. R. Civ. P. 12(f)..............................................................................................4

Fed. R. Civ. P. 23..................................................................................................4

Fed. R. Civ. P. 23(a) ...............................................................................4, 5, 8, 9

Fed. R. Civ. P. 23(a)(2)........................................................................................5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT THE TALBOTS, INC.'S
MOTION TO DISMISS AND MOTION TO STRIKE PORTIONS OF PLAINTIFFS' COMPLAINT, CASE NO. 4:15-CV-
05080-DMR

Fed.R. Civ. P. 23(a)(3)..............................................................................................6

Fed. R. Civ. P. 23(a)(4)............................................................................................7

Fed. R. Civ. P. 23(b)................................................................................................4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT THE TALBOTS, INC.'S MOTION TO DISMISS AND MOTION TO STRIKE PORTIONS OF PLAINTIFFS' COMPLAINT, CASE NO. 4:15-CV-05080-DMR

## NOTICE OF MOTION AND MOTION TO DISMISS AND STRIKE PORTIONS OF PLAINTIFFS' COMPLAINT

PLEASE TAKE NOTICE that on January 28, 2016 at 11:00 am, or as soon thereafter as may be heard in the above-entitled court, located in Courtroom 4, 3rd Floor at 1301 Clay Street, Oakland, CA, 94612, Defendant THE TALBOTS, INC. ("Defendant") will and hereby does move to strike portions of Plaintiffs RICHARD LOPEZ's and HEATHER VOTAW's ("Plaintiffs") Complaint and Demurrer.

## I.   **INTRODUCTION**

Plaintiffs Ricardo Lopez and Heather Votaw ("Plaintiffs") are former non-exempt employees of The Talbots, Inc. ("Talbots" or "Defendant") who worked for Talbots in the State of California. Plaintiffs now purport to bring a wage-and-hour putative class action on behalf of "[a]ll current and former hourly-paid or non-exempt individuals who worked for any of the Defendants within the State of California from September 14, 2011 to final judgment." (First Amended Complaint ("FAC"), ¶ 14). However, Plaintiffs' FAC is entirely bereft of supporting fact or law, and therefore must be dismissed.

As a threshold issue, Plaintiffs' everything and the "kitchen sink" FAC is nearly identical to numerous complaints filed in other California Superior Court actions, including the complaints filed in *Bergeron v. Clorox Manufacturing Company,* Case No. RG15761191 (the *"Bergeron Complaint"*), *Petrita Red et al. v. Flyers Energy, LLC*, Case No. CIV-531460 (the "*Petrita Complaint*") and *Martinez et al. v. Take-Two Interactive*, Case No. CGC-10-497594 (the "*Martinez Complaint*").[1] (*See* Request for Judicial Notice ("RJN") Exs. 1, 3, & 6).   In each of those cases the defendants challenged the plaintiff's "cut-and-paste" pleading as factually and legally deficient. (*See* RJN, Exs. 2, 4 & 8). Notably, in both *Petrita* and *Martinez*, the courts agreed that the plaintiff's complaints: (1) failed to plead ultimate facts to support the possible existence of a class; and (2) failed to plead sufficient facts to support each claim.  As a result, both the *Petrita* court and the *Martinez* court sustained defendants' demurrers, in their entirety.  (*See* RJN, Exs. 5 & 8).  Further, the court in *Petrita* also struck all the class allegations in the Complaint.  (*See* RJN, Ex. 8).

---

[1]/   The law firm that drafted the *Petrita* and *Martinez Complaints* also prepared the Complaint in the instant action.

1

Identical to the *Bergeron, Petrita* and *Martinez Complaints*, the FAC in this case is a mere recital of statutory language.  It contains **only two factual allegations**, and only **one** for each named Plaintiff. For Plaintiff Lopez, the FAC alleges only that Defendants "employed [him] as an hourly-paid, non-exempt employee, from approximately April 2013 to approximately November 2013, in the State of California, County of Alameda."[2]  (FAC ¶ 19).  For Plaintiff Votaw, the FAC alleges merely that Defendants employed Plaintiff Votaw "as an hourly-paid, non-exempt employee, from approximately November 2013 to approximately July 2014, in the State of California."  (FAC. ¶ 20).  Notably, the FAC omits *any* reference to either Plaintiff's position(s) at Talbots or at what location either Plaintiff worked. Moreover, for Plaintiff Votaw, the FAC fails to state the county in which she worked.  Such vague, factually devoid allegations are insufficient to support any of Plaintiffs' causes of action, nor can they support or justify Plaintiffs' attempt to subject Talbots to the expense and burden of litigating a class action.  (*See* RJN, Exs. 5 & 8).

As for the class allegations, Plaintiffs have alleged no facts to support the existence of a common practice, policy, or procedure across several different locations, divisions, and job classifications. Instead, Plaintiffs offer legal conclusions, and make bald assertions of the supposed wrongs other Talbots employees allegedly suffered.  Plaintiffs also fail to allege facts showing that their claims are typical of the class, that they are adequate class representatives, or that the class is readily ascertainable. Plaintiffs' general allegations fail to elicit a plausible theory of class-wide relief, and do not pass muster under the pleading standard.  Thus, the Court should strike the class action allegations from the entire FAC.

Plaintiffs' causes of actions for unpaid overtime, unpaid meal and rest premiums, unpaid minimum wages, failure to timely pay final wages, failure to timely pay wages during employment, damages for failure to provide itemized wage statements, failure to reimburse business expenses, and unfair business practices contain nothing more than legal conclusions parroting the Labor Code and class action standards; indeed, they contain no supporting facts, let alone facts sufficient to constitute a

---

[2]/      Plaintiff Lopez inaccurately alleges that he worked for Talbots from April 2013 to November 2013. In fact, Plaintiff Lopez worked for Talbots only until September 2013.

claim.  As a result, these claims are subject to a motion to dismiss based on Plaintiffs' abject failure to state facts sufficient to constitute them.  Moreover, Plaintiffs' claims for failure to timely pay wages during employment, penalty for failure to provide itemized wage statements, and failure to keep requisite payroll records should be dismissed without leave to amend because they are incurably deficient as a matter of law under any possible set of facts.  Finally, Plaintiffs' unfair competition claim is subject to a motion to strike because Plaintiffs lack standing to seek injunctive relief and are legally barred from seeking penalties.  Therefore, this Court should grant Talbots' motion to dismiss and motion to strike in its entirety.

## II.    LEGAL STANDARD

### A.    A Complaint Is Subject To A Motion To Dismiss For Failure To State Facts Sufficient To Constitute A Claim

To state a claim, a complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Supreme Court definitively clarified, however, that stating a claim demands more than a mere "the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  Indeed, pleadings offering labels, legal conclusions, or naked assertions devoid of further factual enhancement (such as Plaintiffs' FAC) do not state a claim upon which relief may be granted. *Id.*; *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions….") (citation omitted).

In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Iqbal*, 556 U.S. at 678.  But courts need not accept legal conclusions as true. *Id*.  Likewise, "a formulaic recitation of the elements of a claim will not do." *Id*.  Claims only have factual plausibility when they contain sufficient factual content to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*.

Thus, under *Twombly* and *Iqbal*, the Court must engage in a two-pronged analysis to determine the sufficiency of the factual allegations of a complaint. *Iqbal*, 556 U.S. at 678-79.  First, the Court

1  identifies and disregards legal conclusions because they are not entitled to a presumption of truth.  *Id*

2  (citing *Twombly*, 550 U.S. at 555).  Second, the Court determines whether the remaining allegations, if

3  taken as true, present a plausible claim for relief.  *Id*. at 679.  "But where the well-pleaded facts do not

4  permit the court to infer more than a mere possibility of misconduct, the complaint has alleged — but it

5  has not shown — that the pleader is entitled to relief."  *Id.* (citing Fed. R. Civ. P. 8(a)(2).).

6
### B.   A Court May Strike Claims Because Of Insufficient Fact-Based
7           Pleadings Under Rule 12(f)

8         Moreover, "Pursuant to Rule 12(f), a party may [also] move to strike from a pleading 'any

9  insufficient … redundant, immaterial, or impertinent and scandalous matter.'"  Fed. R. Civ. P. 12(f).

10  Immaterial matter is that which has no essential or important relationship to the claim for relief or the

11  defenses being pleaded.  *Fantasy, Inc. v. Fogerty*, 984 F. 2d 1524, 1527 (9th Cir. 1993).  Furthermore,

12  where the complaint demonstrates that a class action cannot be maintained on the facts alleged, a

13  defendant may move to strike class allegations prior to discovery.  *Thompson v. Merck & Co.*, 2004 WL

14  62710, *5 (E.D. Pa. 2004); *Sanders v. Apple, Inc.*, 672 F. Supp. 2d 978, 989-90 (N.D. Cal. 2009).

15  Indeed, in  appropriate cases, courts may resolve class claims at the pleading stage if it is "plain enough

16  from the pleadings" that the class cannot be certified.  *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160

17  (1982); *see also Pilgrim v. Universal Health Card, LLC*, 660 F. 3d 943 (6th Cir. 2011) (in affirming

18  motion to strike plaintiff's class allegations, the Sixth Circuit noted that nothing in Rule 23 provides that

19  a court must await a motion by plaintiffs to certify the class before the defendant may move to strike the

20  class allegations).

21         Accordingly, and as discussed below, Plaintiffs' FAC cannot survive Talbots 12(b)(6) motion to

22  dismiss; many of Plaintiffs' claims, including their class allegations, likewise cannot survive Talbots'

23  12(f) motion to strike.   Therefore, the Court should dismiss and/or strike each of Plaintiffs' claims.

24

25

26

27

28

1

## III.   ARGUMENT

### A.   Plaintiffs' Conclusory Allegations Of Class-Wide Harm Are Insufficient To Plead Viable Class-Wide Claims Under Rule 23(a) And Should Be Dismissed Or Stricken

A plaintiff seeking class certification must satisfy Rule 23(a) threshold requirements and also certification requirements under a subsection of Rule 23(b).  Fed. R. Civ. P. 23; *Zinser v. Accufix Research Inst., Inc.*, 253 F. 3d 1180, 1186 (9th Cir. 2001).  Rule 23(a) requires a showing of: (1) numerosity, (2) common questions of law or fact, (3) typical claims or defenses of representative parties, *and* (4) that the class representatives are adequate.  Fed. R. Civ. P. 23(a) (emphasis added).  The conclusory fashion in which Plaintiffs have alleged Rule 23(a) requirements in the FAC mandate that the claims be dismissed or the class allegations stricken from the FAC.

### 1.   Plaintiffs Fail To Allege Facts To Demonstrate That Commonality And Predominance Are Not Mere Speculation

Rule 23(a)(2) requires that a complaint allege facts demonstrating that questions common to the class exist, or that they predominate over questions affecting individual putative class members.  Fed. R. Civ. P. Rule 23(a)(2).  In applying this commonality requirement, merely posing common questions is not sufficient.  *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011).  Rather, the questions must generate common answers capable of class-wide resolution.  *Id*; *see also Brinker Restaurant Corp. v. Superior Court*, 53 Cal. 4th at 1021-22 (2012) ("[a] court must…consider whether the legal and factual issues they present are such that their resolution in a single class proceeding would be both desirable and feasible.").  On a motion to dismiss, therefore, this Court must decide whether Plaintiffs alleged sufficient facts to show the existence of common questions and that Talbots liability conceivably can be determined by facts common to all members of the class.

Plaintiffs allege no facts to support this requirement.  Instead, Plaintiffs restate the requirement itself — that common questions of law and fact exist as to the other class members — followed by a laundry list of purported common questions.  (FAC ¶ 17).  *Wal-Mart* exposes the inadequacy of such superficial "common" questions and points out that "any competently crafted class complaint literally raises common questions."  *Wal-Mart,* 131 S. Ct. at 2551.  In other words, *Wal-Mart* explains that

1   commonality requires more than merely asking whether the defendant violated the law.  What matters

2   instead is whether a question will generate a common answer capable of resolving class-wide liability in

3   one stroke.  *Id.*  Not only do Plaintiffs' proposed questions fail to demonstrate commonality, but also

4   Plaintiffs aver no facts suggesting commonality is anything other than mere speculation.  *Beauperthuy v.*

5   *24 Hour Fitness USA, Inc.*, 2007 WL 707475 *5 (N.D. Cal. 2007) (asserting that plaintiff must plead

6   "substantial allegations that putative class members were together the victims of a single decision,

7   policy, or plan").

8         Indeed, Plaintiffs generically aver that Talbots had a corporate policy and practice of failing to

9   pay their non-exempt employees within the State of California for all hours worked, missed meal

10  periods and rest breaks in violation of California law.  (FAC ¶ 17(b)).  However, Plaintiffs fail to state

11  any facts showing whether employees were denied meal and rest breaks based on their particular job

12  positions, the location where they worked, or instructions from individual supervisors.  Similarly,

13  Plaintiffs allege that Talbots required them "and other class members to work over eight (8) hours per

14  day and/or over forty (40) hours per week and failed to pay the legally required overtime."  (FAC ¶

15  17(c)).  However, Plaintiffs demonstrate no facts showing what policy, practice, or representative of

16  Talbots required all non-exempt employees in every position to work overtime.  Nor do Plaintiffs

17  provide any facts stating any common policy or practice to support their conclusory allegations that

18  Talbots failed to pay minimum wages, failed to timely pay final wages, failed to pay wages timely

19  during employment, and failed to provide business reimbursements to all class members.  (FAC ¶¶ 17(e),

20  17(f), 17(g), 110).

21        As a result, Plaintiffs' class allegations fail to allege common questions supported by factual

22  averments from which it plausibly might be concluded that Plaintiffs could proceed on behalf of the

23  entire class.  *Ovieda v. Sodexo Operations, LLC,* 2012 WL 1627237 * 4 (C.D. Cal. 2012) (dismissing

24  class action complaint for California Labor Code violations because plaintiff failed to allege any facts

25  that "[d]efendants had any statewide policies or practices giving rise to [p]laintiff's causes of action such

26  that common questions of fact and/or law could provide class-wide answers and would be susceptible to

27  class-wide proof"); *Doe I v. Wal-Mart Stores, Inc.*, 572 F. 3d 677, 683 (9th Cir. 2009) (affirming motion

28

6

1   to dismiss in a wage and hour class action; "plaintiff's general statement [of facts] is a conclusion, not a

2   factual allegation stated with any specificity.  We need not accept plaintiff's unwarranted conclusion in

3   ruling on a motion to dismiss.").

4           **2.**        **Plaintiffs Do Not State Facts To Show That Their Claims Are**
5                       **Typical Of The Class As Required By Rule 23(a)(3)**

6         Beyond Plaintiffs' failure to show commonality, Plaintiffs fail to plead any facts that show that

7   that their claims are typical of the putative class.  The test for Rule 23(a)(3) typicality in the Ninth

8   Circuit is whether other members have the same or similar injury, whether the action is based on

9   conduct which is not unique to the named plaintiffs, and whether other class members have been injured

10  by the same course of conduct.  *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F. 3d 1168, 1175 (9th Cir.

11  2010); *Ries v. Arizona Beverages USA LLC*, 287 F.R.D. 523, 539 (N.D. Cal. 2012).

12        Plaintiffs do not allege facts conceivably establishing that they suffered the same injury from the

13  same conduct as putative class members.  Instead, Plaintiffs assert bare conclusory allegations of

14  "typicality," such as "Plaintiffs' claims are typical of all other class members'"  (FAC ¶ 16(b)).  Not

15  only do Plaintiffs fail to name the position(s) they held while employed with Talbots, but Plaintiffs also

16  fail to allege any specific facts to even suggest that any other employee, much less those in other

17  positions or at other locations and divisions, suffered similar injuries to those alleged by Plaintiffs.  The

18  idea that the named Plaintiffs — who do not even identify the locations they worked or the positions

19  they held — are similarly situated to all other non-exempt employees throughout California is dubious at

20  best.  Thus, Plaintiffs' FAC fails to plead any facts to support the typicality requirement, which is

21  essential to establishing a class action.

22          **3.**        **Plaintiffs Do Not Plead Facts To Suggest That They Are**
23                      **Adequate Class Representatives As Required By Rule 23(a)(4)**

24        Rule 23(a)(4) requires that plaintiffs will fairly and adequately protect the interests of the class.

25  Fed. R. Civ. P. 23(a)(4).  Yet, the FAC lacks any factual allegations to support that Plaintiffs are

26  adequate representatives.  It is the presence of "typicality," in combination with a demonstrated

27  adequacy of representation, which gives legitimacy to permitting a plaintiff or plaintiffs to bind class

28

7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT THE TALBOTS, INC.'S
MOTION TO DISMISS AND MOTION TO STRIKE PORTIONS OF PLAINTIFFS' COMPLAINT, CASE NO. 4:15-CV-
05080-DMR

1   members who have notice of the action.  *Trotsky v. Los Angeles Fed. Sav. & Loan Ass'n*, 48 Cal. App.

2   3d 134, 146 (1975).  "The crucial inquiry centers upon whether the [named] plaintiffs are truly

3   representative of the absent class members."  *Bartlett v. Hawaiian Village, Inc.*, 87 Cal. App. 3d 435,

4   438 (1978).

5        Here, Plaintiffs offer only single conclusory allegation regarding their ability to adequately

6   represent a class.  (FAC ¶ 16(b) ("Plaintiffs will fairly and adequately protect the interest of the other

7   class members")).  Beyond this statement, Plaintiffs fail to plead a single fact showing how their

8   experience is in any way representative of the experiences of other non-exempt employees holding

9   myriad different positions at various Talbots stores and facilities throughout California.  This complete,

10  conspicuous absence of any facts relating to either their own jobs, or other job classifications,

11  demonstrates that Plaintiffs cannot fairly and adequately represent the interests of a class.

12              **4.       Plaintiffs' Purported Class Is Not Ascertainable**

13       Finally, Plaintiffs purport to represent an expansive and ill-defined class of "[a]ll current and

14  former hourly-paid or non-exempt individuals who worked for any of the Defendants within the State of

15  California from September 14, 2011 to final judgment."  (FAC ¶ 14).  However, in order to obtain class

16  certification, the class definition must be "precise, objective, and presently ascertainable."  *O'Connor v.*

17  *Boeing N. Am., Inc.,* 197 F.R.D. 404, 416 (C.D. Cal. 2000) (quoting Manual for Complex Litigation

18  Third § 30.14 at 217 (1995)); *see also In re Tetracycline Cases,* 107 F.R.D. 719, 728 (W.D. Mo. 1985)

19  (proposed class must not be amorphous, vague or indeterminate).

20       A class of "[a]ll current and former hourly-paid or non-exempt individuals who worked for any

21  of the Defendants within the State of California from September 14, 2011 to final judgment" is not

22  precise, nor is it objective, let alone presently ascertainable.  The FAC does not state, nor define, which

23  Talbots non-exempt positions should be included in the class, nor does it list Plaintiffs' job titles.  In

24  reality, this putative class could (and does) include a wide array of current employees and former

25  employees, with vastly different jobs and responsibilities.

26       Simply put, Plaintiffs have not alleged any facts required by Rule 23(a).  As a result, dismissal of

27  Plaintiffs' claims is warranted and proper under the Rule 12(b)(6) motion to dismiss standards.  *Accord*

28

8

*Weigele v. FedEx Ground Package Sys., Inc.*, 2010 WL 4723673 at *4-5 (S.D. Cal. 2010) (granting motion to dismiss based on conclusory allegations, such as "Defendant willfully failed and refused, and continues to fail and refuse to pay lawful overtime and compensation to each of the Plaintiffs;" "The allegations in the [complaint] are paradigmatic examples of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements; "If Plaintiff[s] wish to survive a motion to dismiss, Plaintiff[s] must plead sufficient 'factual content' to allow the Court to make a reasonable inference that Defendant[] [is] liable for the claims alleged by Plaintiff[s]."  The [complaint] does not plead sufficient factual content to put Defendant or the Court on notice of a basis of the added Plaintiffs' claims.  As a result, Plaintiffs fail to state a claim upon which relief can be granted.").

Additionally, or in the alternative, the Court should strike the class allegations because the FAC's failure to meet the requirements of Rule 23(a) demonstrates that a class action cannot be maintained on the facts alleged.  *Sanders v. Apple, Inc.*, 672 F. Supp. 2d 978, 989-90 (N.D. Cal. 2009) (asserting that where a complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery.)

**B.      Plaintiffs' FAC Asserts Only Conclusions, And No Facts, Supporting
Their First Through Fifth, Ninth, And Tenth Causes Of Action**

**1.      Plaintiffs Fail To Allege Sufficient Facts To State Their First
Claim For Failure To Pay Overtime**

Plaintiffs do not allege a single fact to support their first claim for failure to pay overtime.  Courts routinely reject overtime claims that parrot statutory language and summarily allege that the employees worked in excess of the required hours without receiving overtime pay.  *See, e.g.*, *DeLeon v. Time Warner Cable LLC*, 2009 WL 9426145 * 3 (C.D. Cal. July 17, 2009);  *Anderson v. Blockbuster Inc.*, 2010 WL 1797249 *3 (E.D. Cal. May 4, 2010).  In *DeLeon*, the plaintiff asserted an overtime claim under California law.  *DeLeon*, 2009 WL 9426145 at *1.  To support that claim, the plaintiff alleged that she and putative class members consistently worked in excess of 8 hours in a day, in excess of 12 hours in a day, and/or in excess of 40 hours in a week.  *Id.* at *3.  The Court granted the employer's motion to dismiss for failure to state a claim.

9

In *Anderson*, the plaintiff alleged an overtime claim under California law and based it on the same faulty allegation struck down in *DeLeon* — that the plaintiffs worked in excess of 8 hours in a day, in excess of 12 hours in a day, and/or in excess of 40 hours in a week and did not receive overtime pay. *Anderson*, 2010 WL 1797249 at *2.  Relying on *DeLeon*, the Court granted the employer's motion to dismiss the claim, finding that this allegation "slavishly repeats the statutory language as the purported factual allegations."  *Id.* at *3.

Likewise, the Ninth Circuit recently made clear that it is not enough for employees claiming overtime violations to merely allege that they typically worked more than 40 hours in a workweek and did not receive overtime.  *Landers v. Quality Communications, Inc.*, 771 F. 3d 638, 644-645 (9th Cir. 2014) ("a plaintiff asserting a claim to overtime payments must allege that she worked more than forty hours in a given workweek **without being compensated for the overtime hours worked during that workweek**. …A plaintiff may establish a plausible claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility.") (emphasis added); *see also Zhong v. August Corp.*, 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007) (where plaintiffs allege wage-and-hour violations, the complaint "should, at least approximately, allege the hours worked for which these wages were not received.").

Here, Plaintiffs vaguely allege that they "and the other class members worked in excess of eight (8) hours in day, and/or in excess of forty (40) hours in a week."  (FAC ¶ 54).  Plaintiffs provide no other facts.  Such an omission is fatal to their overtime claim.  Thus, Talbots motion to dismiss as to the first claim should be granted.

### 2. Plaintiffs Fail To Allege Sufficient Facts To State Their Second And Third Causes Of Action Alleged Meal And Rest Period Violations

Paragraphs 58-77 of Plaintiffs' FAC are merely a restatement of the legal elements required to state meal and rest period claims under Labor Code Section 226.7.  (*See* FAC ¶¶ 58-77).  Plaintiffs have not alleged the requisite specific facts to state a claim for violation of Labor Code Section 226.7 on a meal or rest period theory.  *Id.*

To establish either of their second or third causes of action, Plaintiffs must prove that Talbots did not make available to employees a compliant meal or rest period. *Brinker*, 53 Cal. 4th at 1040. The employee must show that the employer: (1) did not relieve the employee of all duty; (2) did not relinquish all control over the employee's activities and permit them a reasonable opportunity to take a compliant break; or (3) impeded or discouraged employees from taking these breaks. *Id.*; *see also Ovieda*, 2012 WL 1627237 at *4, fn. 2 (advising plaintiff to take into account the California Supreme Court's decision in *Brinker* in pleading the meal and rest period claims).

Here, Plaintiffs merely allege that they and other class members worked in excess of five-hour shifts without being afforded a half-hour uninterrupted meal break. (FAC ¶¶ 63-65). Similarly, to support their rest break claims, Plaintiffs allege that they and other class members worked without being afforded at least one ten minute duty-free rest break per four hours worked or major fraction thereof. (FAC ¶ 73). Plaintiffs' FAC contains no facts other than these insufficient conclusory allegations. Indeed, Plaintiffs fail to allege why or how Talbots did not make breaks available to themselves of the putative class or the reason for their own failure to take meal or rest breaks. *Lefevere v. Pacific Bell Directory*, 2014 WL 5810530 at *1, 3 (N.D. Cal. Nov. 7, 2014) (dismissing meal and rest break claims alleged under the California Labor Code because allegation that employer "failed to provide" him and class members with meal or rest periods are conclusory and do not indicate how the defendants prevented the meal and rest breaks, or even that plaintiff did not in fact take these breaks"); *Weigele v. FedEx Ground Package System, Inc.*, 2010 WL 4723673 (S.D. Cal. Nov. 15, 2010) (claim for violation of California Labor Code section 226.7 dismissed on grounds that allegations were no more than "naked assertions" of the employer's liability); *Ovieda*, 2012 WL 1627237 at *3 (plaintiff's factual allegations regarding breaks were "bare-bones" and "devoid of sufficient factual enhancement to allow us to draw the reasonable inference that [d]efendant is liable for the misconduct alleged"). Thus, Talbots motion to dismiss on these two causes of action should be granted.

1

2

### 3.    Plaintiffs Fail To Allege Facts To State Their Fourth Claim
For Failure To Pay Minimum Wages

3

In support of their claim for failure to pay minimum wage, Plaintiffs allege no facts other than

4

that Talbots " failed to pay minimum wage to Plaintiffs and the other class members." (FAC ¶ 80).  This

5

falls far short of meeting the required pleading standard.  *Harding v. Time Warner Inc.*, 2010 WL

6

457690 *5 (S.D. Cal. Jan 26, 2010) (stating that at a minimum, a complaint for failure to pay overtime

7

or minimum wages should allege the number of hours worked for which wages were not paid);

8

*Anderson*, 2010 WL 1797249 at *3 (allegation that "[d]efendants regularly failed to pay minimum wage

9

to Plaintiff" was conclusory and did not meet minimum pleading requirements).  Talbots motion to

10

dismiss to Plaintiffs' fourth claim should therefore be granted.

11

### 4.    Plaintiffs' Fifth Claim For Failure To Timely Pay Final Wages
Fails For Lack Of Supporting Facts

12

13

Plaintiffs assert that Talbots "intentionally and willfully failed to pay Plaintiffs and the other

14

class members who are no longer employed by Defendants their wages, earned and unpaid, within

15

seventy-two (72) hours of their leaving Defendants' employ," in violation of California Labor Code

16

sections 201 and 202.  (FAC ¶ 87).  On this conclusory assertion, Plaintiffs seek to recover penalties

17

under Labor Code section 203 for violation of Sections 201 and 202.  (FAC ¶ 89).  Without more, this

18

allegation is legally deficient.  *Ramirez v. Manpower*, 2014 WL 116531, at *4 (N.D. Cal. Jan. 10, 2014)

19

(plaintiff's "failure to pay wages at termination" claim was "barren of *any* facts that support[ed] her

20

conclusory allegations" as she stated nothing more than that she and class members were not timely paid

21

all wages due to them under Labor Code sections 201 and 202) (emphasis in original).  Accordingly,

22

Talbots motion to dismiss Plaintiffs' fifth cause of action should be sustained.

23

### 5.    Plaintiffs' Ninth Claim For Failure To Reimburse Business
Expenses Fails For Lack Of Supporting Facts

24

25

Plaintiffs' ninth claim for failure to pay business expenses in violation of Labor Code Sections

26

2800 and 2802 should also be dismissed for lack of sufficient factual allegations.  "To demonstrate that

27

an employer has violated § 2802, a plaintiff must show that: (1) he or she is an employee; (2) he or she

28

12

1    incurred necessary expenses either in the discharge of his or her duties or in obeying the employer's

2    directions; and (3) the employer failed to reimburse the plaintiff for such expenses." *Wert v. U.S.*

3    *Bancorp*, 2014 WL 2860287 *6 (S.D. Cal. June 23, 2014).  Further, the employer must either know or

4    have reason to know that the employee incurred the expense.  *Id.*

5         Here, Plaintiffs provide no factual allegations, but merely assert that "Plaintiff and other class

6    members incurred necessary business-related expenses and costs that were not fully reimbursed by

7    Defendants."  (FAC ¶ 110).  Moreover, Plaintiffs provide no factual allegations related to what business

8    expenses they and other class members incurred, why the expenses were "necessary expenses," and how

9    Talbots was aware of the expenses.  *Wert*, 2014 WL 2860287 at *6. ("[plaintiff] also fails to allege facts

10   that show that the costs for the 'business related materials' fall within the scope of Labor Code § 2802 as

11   a 'necessary expense.'  Without more, the Court cannot conclude that Labor Code § 2802 even applies

12   to the minimal facts asserted."); *Hennighan v. Insphere Ins. Solutions, Inc.*, 2013 WL 1758934, at *5

13   (N.D. Cal. Apr. 24, 2013) (dismissing failure to pay business expenses claims because "[p]laintiff does

14   not identify any expenditures he made that would support a claim under section 2802").  Thus, the Court

15   should grant Talbots motion to dismiss Plaintiffs' ninth claim.

16        **6.    Plaintiffs' Tenth Claim For Violation Of The UCL Fails As
                  Derivative Of The Factually Unsupported Wage Claims And**
17        **As Lacking Any Independent Facts In Support Thereof**

18        In support of their tenth claim for violation of Business and Professions Code Section 17200 (the

19   unfair competition law, or "UCL"), Plaintiffs allege nothing more than the conclusion that Talbots

20   engaged in "policies and practices" that allegedly violated the Labor Code sections that comprise his

21   other causes of action.  (FAC ¶ 115).  This claim thus fails for the same factual deficiencies as the

22   underlying claims, discussed above, upon which this claim entirely depends and from which it derives.

23   *Dailey v. Sears, Roebuck and Co.*, 214 Cal. App. 4th 974, 1002 (2013).  As such, Talbots motion to

24   dismiss Plaintiffs' tenth claim should be sustained.

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT THE TALBOTS, INC.'S
MOTION TO DISMISS AND MOTION TO STRIKE PORTIONS OF PLAINTIFFS' COMPLAINT, CASE NO. 4:15-CV-
05080-DMR

**C.**     **Plaintiffs' Sixth, Seventh, And Eighth Claims Should Be Dismissed Without Leave To Amend Because They Are Legally And Incurably Deficient As A Matter Of Law**

Plaintiffs' sixth through eighth claims are incurably defective and should be dismissed without leave to amend.  A trial court does not abuse its discretion by granting a motion to dismiss without leave to amend if no amendment can cure the defects in the complaint.  *Somers v. Apple, Inc.,* 729 F. 3d 953, 959-960 (9th Cir. 2013).

**1.**     **Plaintiffs' Sixth Claim Fails As A Matter Of Law Because There Is No Private Right Of Action For Violation Of Labor Code Section 204**

The *Petrita* Court dismissed that plaintiff's nearly-identical Labor Code section 204 claim without leave to amend on the grounds that this Labor Code section does not create a private right of action.  (*See* RJN Ex. 8, at 5:21-24).  This Court should do the same.  Labor Code Section 204 requires an employer to timely pay wages.  It does not create a private right of action to recover untimely-paid wages, nor authorize recovery of damages or penalties.  *See, e.g.*, *See's Candy Shops, Inc. v. Superior Court*, 10 Cal. App. 4th 889, 905 (2012) ("[d]espite section 204's use of the word 'wages,' section 204 does not provide for the payment of any wages nor create any substantive right to wages"); *Johnson v. Hewlett-Packard Co.*, 809 F. Supp. 2d 1114, 1136 (N.D. Cal. 2011) ("[t]he statute does not grant employees a private right of action against employers who violate section 204"); *Young v. ABM Sec. Servs.*, 1990 WL 89347 *5 (9th Cir. 1990) ("[t]here is nothing in section 204 or 210 that indicates, in 'clear understandable, unmistakable terms,' that a private right of actions exists for violations of section 204").  It simply creates an employer obligation.  Section 204 is enforced exclusively through Section 210, by the Labor Commissioner, and not a private party.  Cal. Lab. Code § 210 ("penalty [for violation of section 204] shall be recovered by the Labor Commissioner").  As exemplified by Labor Code Section 210 and 203, where the Legislature specifically intends to authorize penalty recovery, it so states. Cal Labor Code § 203(b) ("[s]uit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise").

14

2.    **Plaintiffs' Seventh Claim For Labor Code Section 226 Penalties Is Time-Barred And Fails Because It States No Facts In Support**

Plaintiffs cannot seek recovery of penalties under California Labor Code Section 226 because their claims are time-barred by the applicable one year statute of limitations. *Murphy v. Kenneth Cole Prods.*, 40 Cal. 4th 1094, 1118. n.16 (2007) (penalty for itemized wage statement violations is governed by a one-year statute of limitations). Further, Plaintiffs' claim for damages under Section 226 (which permits a three year statute of limitations) also fails because they do not allege any facts showing injury. *Sarkisov v. StoneMor Partners, L.P.*, 2014 WL 1340762 *2 (N.D. Cal. Apr. 3, 2014) ("Section 226 has two applicable statutes of limitations—one year for penalties, and three years for damages"). Finally, Plaintiffs' claims for penalty and damages fails because it is derivative of their other inadequately-pleaded claims for wages.

Labor Code Section 226 requires that employers include certain specific information in an itemized wage statement provided to employees with every paycheck. The primary remedy for violations of Section 226(a) is a penalty set forth in Section 226(e): when an employer "knowingly and intentionally" violates Section 226(a), any employee "suffering injury" may sue and collect actual damages or a penalty.

As for their penalties claim under Section 226, Plaintiffs completely fail to state in the FAC when Talbots purportedly failed to receive itemized wage statements "knowingly and intentionally" in order to avoid the statute. Instead of stating facts, Plaintiffs simply restate Labor Code Sections and conclude that Talbots failed to provide "accurate wage statements." (FAC ¶ 98). However, Plaintiff Lopez's employment with Talbots ended the first week of September 2013, while Plaintiff Votaw alleges that her employment with Talbots ended in July 2014. (FAC ¶¶ 18,19). As the original Complaint to this action was filed on September 14, 2015, Plaintiffs' Section 226 claims were filed outside of Section 226's one year statute of limitations. Plaintiffs, therefore, cannot seek penalties under Section 226. Plaintiffs' seventh claim for recovery of penalties fails as a matter of law, and should be dismissed without leave to amend.

1    Plaintiffs' claims for damages under Section 226 are also subject to demurrer because they fail to

2    allege any specific facts as to how, if at all, they were injured by Talbots wage statements.  The January

3    1, 2013 amendment to Section 226 does not change Plaintiffs' obligation to plead an injury.  The

4    Legislature merely sought "to provide further clarity on the issue" of recovering damages under Section

5    226(e) by amending the statute to reflect that an employee suffers an injury only if the employer "fails to

6    provide accurate and complete information" and the employee cannot, "from the wage statement alone,"

7    "promptly and easily determine" the Section 226(a) required information.  SB 1255 Senate Bill Analysis

8    at 5.  Damages and penalties are not automatically recoverable.  Rather, an individual must show that he

9    or she "suffer[ed] injury" as a result of the employer's violation of Section 226(a).  *Elliot v. Spherion*

10   *Pacific Work LLC*, 572 F. Supp. 2d 1169, 1180 (C.D. Cal. 2008).

11   Plaintiffs merely add a circular and conclusory allegation that they were "injured" because they

12   were denied both the "legal right to receive, and [the] protected interest in receiving, accurate and

13   itemized wage statements."  (FAC ¶100).  This statement alleges no injuries, rather, it merely restates

14   that Talbots allegedly committed a wrongful act by allegedly providing non-compliant wage statements.

15   To allow a claim to proceed without pleading specific facts to support an injury would contravene the

16   express language of Section 226(e).  Therefore, Talbots motion to dismiss Plaintiffs' claim to collect

17   damages under Section 226 in their seventh claim should be granted.

18   Lastly, because Plaintiffs' claims for overtime and meal/rest breaks fail, their derivative Section

19   226 claims for damages and penalties also fail.  *Dailey*, 214 Cal. App. 4th at 1002 ("[plaintiff's]

20   remaining claims under…Labor Code section 226, subdivision (a) and (e)…[is] derivative of [plaintiff's]

21   main claims regarding failure to pay overtime wages and provide uninterrupted rest and meal periods").

### 3.    Labor Code Section 1174 Does Not Provide For A Private Right Of Action

24   Plaintiffs' eighth claim asserts that Talbots violated Labor Code Section 1174, which provides

25   that an employer is required to maintain records.  California law does not provide for a private right of

26   action under Section 1174.  *Reynolds v. Bement*, 107 Cal. App. 4th 738 (2003) (superseded on other

27   grounds, 36 Cal. 4th 1075) (no manifestation by legislature of a private right of action under 1174);

16

1    *Silva v. U.S. Bancorp*, 2011 WL 7096576 (C.D. Cal. Oct. 6, 2011) (recordkeeping claim brought under

2    Section 1174 dismissed because employee did not have a private right of action).  There is simply no

3    mention of penalties or damages, let alone a private right of action under this section.  *Vikco Ins. Servs. v.*

4    *Ohio Indem. Co.*, 70 Cal. App. 4th 55, 62-63 (1999) (citing *Moradi-Shalal v. Fireman's Fund Ins. Cos.*,

5    46 Cal. 3d 287, 294-95 (1988) ("[i]f the Legislature intends to create a private claim, we generally

6    assume it will do so 'directly[,] . . . in clear, understandable, unmistakable terms'").

7         Recognizing this, the *Petrita* Court dismissed that plaintiff's identical Labor Code section 1174

8    claim without leave to amend on the grounds that this section does not create a private right of action.

9    (*See* RJN Ex. 8, at 6:3-5).

10        Therefore, Plaintiffs' eighth claim must be dismissed without leave to amend.

11   **D.    Plaintiffs' Allegations Seeking Penalties And Damages Based On**
12   **Penalty Statutes And Injunctive Relief Under Their UCL Claim Must**
     **Be Stricken**

13        Plaintiffs seek both penalties of alleged Labor Code violations and injunctive relief under the

14   UCL.  Because penalties are not recoverable under the UCL, and Plaintiffs do not have standing to seek

15   injunctive relief, their UCL claim is subject to a motion to strike.

16        Plaintiffs may not recover monetary damages for their UCL claims, only injunctive relief and

17   restitution.  *Cel-Tech Comms., Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 179 (1999)

18   ("[p]revailing plaintiffs are generally limited to injunctive relief and restitution"); *Cortez v. Purolator*

19   *Air Filtration Prods.*, 23 Cal. 4th 163, 173 (2000) (restating the equitable nature of UCL claims and the

20   unavailability of compensatory damages as a remedy).  Plaintiffs' FAC seeks to base their UCL claim

21   on various penalty-related Labor Code sections (some of which do not provide for a private right of

22   action), including sections 201, 202, 203, 204, 226(a), and 1174(d).  The UCL, however, does not permit

23   recovery of a penalty because it is not restitutionary.  *See Pineda v. Bank of America, N.A.*, 50 Cal. 4th

24   1389 (2010) (unlike unpaid wages, which are recoverable as restitution, penalties are not, "[w]e thus

25   hold section 203 penalties cannot be recovered as restitution under the UCL"); *Gunawan v. Howroyd-*

26   *Wright Employment Agency*, 997 F. Supp. 2d 1058, 1070 (C.D. Cal. 2014) (Labor Code Section 203 and

27

28

226 are insufficient predicates for UCL claims).  Accordingly, Plaintiffs' allegations regarding penalty-related Labor Code sections are irrelevant and improper, and must be stricken from Plaintiffs' FAC.

Furthermore, Plaintiffs lack standing to pursue injunctive relief under the UCL.  Because Plaintiffs allege and concede they are *former* employees, (FAC, ¶¶ 19, 20), they cannot pursue claims for injunctive relief.  *Walsh v. Nevada Dept. of Human Resources*, 471 F. 3d 1033, 1037 (9th Cir. 2006) (holding that former employee "lacked standing to sue for injunctive relief from which she would not likely benefit"); *Delodder v. Aerotek, Inc.*, 2009 WL 3770670 (C.D. Cal. Nov. 9, 2009) (striking former employees' claims for injunctive relief because they lacked standing, as a matter of law, to seek such relief under Section 17200); *Beal v. Lifetouch, Inc.*, 2012 WL 3705171 *3 (C.D. Cal. Aug. 27, 2012) ("[h]ere, because [plaintiff] is the only named plaintiff, he must have standing for both monetary and injunctive relief.  However, as a former employee, Plaintiff does not have standing to seek injunctive relief.").  Thus, Plaintiffs' allegations seeking injunctive relief are improper and should be stricken.

## IV.   CONCLUSION

For the foregoing reasons, Talbots respectfully requests that the Court grant its motion to dismiss each and every claim in Plaintiffs' FAC and the class claims and allegations.  In addition, Talbots requests that the Court strike every one Plaintiffs' class claims.  Talbots further requests that the Court strike Plaintiffs' requests to seek penalties and injunctive relief under the UCL.

DATED: November 12, 2015                    SEYFARTH SHAW LLP


                                            By:    */s/ Laura J. Maechtlen*
                                            Gerald L. Maatman, Jr.
                                            Christina M. Janice
                                            Laura J. Maechtlen
                                            Ari Hersher
                                            Nicholas R. Clements

                                            Attorneys for Defendant
                                            THE TALBOTS, INC.

22373849v.7