UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICARDO LOPEZ, et al.,

Plaintiffs,

v.

THE TALBOTS, INC.,

Defendant.

Case No. 15-cv-5080-PJH

**ORDER GRANTING MOTION TO REMAND**

Plaintiffs' motion to remand came on for hearing before this court on January 27, 2016. Plaintiffs Ricardo Lopez and Heather Votaw ("plaintiffs") appeared through their counsel, Jill Parker. Defendant The Talbots, Inc. ("defendant") appeared through its counsel, Laura Maechtlen. Having read the papers filed in conjunction with the motion and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS plaintiffs' motion for the reasons stated at the hearing.

As discussed at the hearing, under the Class Action Fairness Act ("CAFA"), the removing party bears the burden of establishing federal jurisdiction. See, e.g., Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 685 (9th Cir. 2006). And in a case such as this, where it is "unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," a "preponderance of the evidence" standard applies. Guglielmino v. McKee Foods, Inc., 506 F.3d 696, 699 (9th Cir. 2007). While defendant has provided calculations purporting to show that the amount in controversy is well over $5,000,000, plaintiffs argue that these calculations are based on a number of unfounded assumptions.

First, defendant assumes that every putative class member worked one hour of unpaid overtime per week, but does not provide any support for that assumption. For instance, defendant did not conduct any inquiry as to how many of the putative class members were scheduled to work eight-hour shifts, or 40-hour weeks, such that any additional hours worked would have triggered a right to overtime pay. Nor does the complaint indicate any frequency with which these alleged violations occurred.

Second, defendant assumes that every putative class member missed two meal breaks every week, and also missed two rest breaks every week. However, defendant did not conduct any inquiry as to how many putative class members were scheduled to work shifts that would have triggered a right to a meal and/or rest break. Nor does the complaint indicate any frequency with which these alleged violations occurred.

At the hearing, defendant argued that it was unable to conduct a more detailed calculation of the amount in controversy, because it had only 30 days to file a notice of removal. However, the Ninth Circuit has held that, where the complaint is ambiguous as to the amount in controversy, defendant may remove the case under CAFA outside of the 30-day window. See Roth v. CHA Hollywood Medical Center, L.P., 720 F.3d 1121, 1125 (9th Cir. 2013).

Defendant also argued that plaintiffs did not counter its amount-in-controversy calculations with any calculations of their own. However, in making this argument, defendant attempts to shift its burden to plaintiffs. Moreover, as plaintiff noted at the hearing, defendant has exclusive access to the relevant employment records.

Accordingly, plaintiffs' motion to remand is GRANTED. The Clerk shall REMAND this case to the Alameda County Superior Court. As a result of the remand, defendant's motion to dismiss is denied as moot.

**IT IS SO ORDERED.**

Dated: January 27, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge